## Largent v. Commonwealth.

(Decided October 16, 1936.)

CROSSLAND & CROSSLAND for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

Porter Largent here appeals from a judgment convicting him of voluntary manslaughter and fixing his punishment at five years confinement in the penitentiary.

The trial, under which this verdict and judgment were had, was upon an indictment returned by the McCracken county grand jury, charging appellant with the offense of voluntary manslaughter, committed by his feloniously, recklessly, and wantonly driving his automobile upon and over one Dewey Howe, inflicting injuries upon him, from which he immediately died.

The evidence discloses that Porter Largent and a drunken companion, Jesse Stinson, were, on the Sunday afternoon of October 13, 1935, traveling in Largent's automobile upon a country visit to a friend, from which he was, when the collision in evidence occurred, then driving back to his home in Paducah.

It is conclusively shown by the evidence, and by the appellant admitted, that he had, both during and before his starting upon this driving trip in evidence, been drinking whisky and beer.

On appellant's homeward drive, just before his reaching the long Clark River Bridge, the commonwealth witness Cliff Bryant states that he met him at a point on the highway distant some five or six hundred feet from the place, across or on the opposite side of the bridge, where the appellant's quickly following car collision, resulting in Howe's death, occurred; that ap-

pellant, when there passing him, was traveling at a pace of approximately fifty-five or sixty miles an hour and, further, that he was also driving his car in a zigzagging course across the road; that appellant, upon meeting him, so cut across the road towards him as to force him to pull his car onto the shoulder of the road, in order to avoid a collision of their cars as he went by, or, in the words of this witness, that "appellant just missed him and looked back and laughed and went ahead."

The evidence is further that appellant, after this near collision with Bryant's car, drove onward across the nearby Clark River Bridge and up the road, which there sharply curves from the bridge, as it ascends around a hill, both serving to obstruct the clear view ahead to within less than one hundred and fifty feet. Notwithstanding this, the appellant, in reckless disregard and violation of the applicable statutory inhibitions in such case (as shown and admitted by his own testimony), yet drove ahead at a speed of some thirty miles an hour as he attempted to pass a front car, and was near the top of the hill when he there suddenly met and directly ran into an approaching automobile driven by one Jesse Hines, the brother-in-law of Dewey Howe, who was then his passenger and riding on the back seat of his car, from and under which he was thrown and instantly killed by appellant's collision therewith.

The appellant, when testifying in his own behalf, admitted that he had been drinking both liquor and beer during and before this driving escapade, resulting in the tragic killing of Howe, and that he was at the time driving a car which he knew had a dangerously defective steering gear, which he testified would at times "cut under" and cause his car to swerve to and fro in its course or zigzag across the road. Also, appellant, when giving his counter version as to the happening, just before the fatal accident, of his near collision with the witness Bryant's car, upon his meeting and passing him near the Clark River Bridge, testified that, "about the time I got ready to pass Mr. Bryant, I cut over a little bit and he smiled"; that "the old Ford he had would cut under every once in awhile," that is, the steering gear would cut under. Further he testified that, after passing him, he came on down to the Clark River Bridge and crossed it right behind another automobile coming to Paducah, which he decided to pass, and was attempt-

ing to do so at a speed of some thirty miles an hour, when the truck Jesse Hines was driving suddenly appeared and he ran into it; that "it was so quick, we just had a wreck," killing Dewey Howe, then a passenger in it.

The evidence is somewhat conflicting as to whether or not appellant's admitted running of his car across the road and into a head-on collision with that of Jesse Hines, at or near the top of the hill, was due to his steering wheel "cutting under," causing his car to swerve across the road, or to his pulling over to his left when then passing a car in front of him, but in any event he testifies that his car there went across and over to his left side of the road and directly into Jesse Hines' car, which he there met as it was approaching at a slow pace of some fifteen or twenty miles an hour, far over on its driver's right side or shoulder of the road.

The jury having, upon this evidence and under the instructions of the court (which are in no wise criticized), found the defendant guilty, he has appealed, contending that he is entitled to a reversal of the judgment upon the one ground that the verdict of the jury is severe and its return entirely due to the court's error in admitting the irrelevant and incompetent testimony of the commonwealth witness Cliff Bryant in regard to his having seen the appellant driving at an excessive rate of some fifty-five to sixty miles an hour when meeting him at a point on the highway some five or six hundred feet distant from the place where the collision occurred.

In support of this argument, he contends that this admitted evidence was incompetent, as it was evidence as to appellant's fast driving at a place other than and distant from that of the accident, and cites in support of his contention the case of Stevens v. Potter, 209 Ky. 705, 273 S. W. 470, 471. There it was held that the trial court properly excluded testimony to the effect that appellee was seen by witnesses, just before the accident, going at a very high rate of speed, the court saying:

"None of these witnesses, at the time they saw appellant, were nearer than 400 yards to the point of collision, and none of them saw appellee after he passed them. The fact that appellee, a quarter of a mile away from the scene of the accident, may have been going at a high rate of speed, is no logical or

relevant evidence that he was going at that speed at the point of the accident.''

We fully approve this holding and the supporting reason given therefor, logically stamping the there excluded evidence as incompetent, as the issue upon which admitted in that case was whether or not the party was traveling at an excessive rate of speed at the time and place of the collision, causing the accident. In such case, the admission of evidence of driving at excessive speed at a time and place other than that of the accident would be irrelevant and was properly deemed prejudicial upon such issue.

However, the issue and factual setup presented in the instant case are different. Here the exclusive issue is not whether appellant's driving at excessive speed caused the collision which resulted in Howe's death, as in the Stevens Case, supra, as the defendant was here indicted, not for fast driving, but for reckless and wanton driving, which it was charged caused appellant to run his car into and mortally wound the deceased, Dewey Howe.

The charged offense of reckless and wanton driving may exist, even though the driving was unattended by the factor of excessive speed. That is to say, that while driving at excessive speed may be a factor in the offense of reckless driving, it is not a necessary nor a distinguishing element of the offense. All of Bryant's complained of testimony conduced to show that appellant, when meeting him, was committing the charged offense of reckless driving, both by driving at a high rate of speed and by zigzagging his car across the road.

Appellant seeks to excuse his then reckless manner of driving in a zigzagging course to and fro across the road, as causing his near collision with Bryant's car, by saying that upon this occasion he was driving a car which had a defective steering gear, every now and then causing his car, by its ''cutting under,'' to swerve away from its driven course, to and fro across the road. Yet appellant, despite his knowledge of such condition, continued to daringly drive his car in reckless disregard of the safety of other users of the road. Such conduct in itself clearly and strongly conduced to establish the charged offense of reckless driving, when it was thus so wantonly done with full realization of the danger to which it exposed other users of the highway.

The instance of near collision of appellant's and Bryant's cars occurred within about a minute before appellant's later fatal collision, further down the highway, where he then, not almost as in the Bryant case, but altogether and destructively drove this unsafe and defectively equipped car into head-on collision with the car of Jesse Hines, demolishing it and causing the tragic death of Dewey Howe.

Bryant's evidence as to the car's zigzagging across the road, due (appellant states) to its defective steering gear, was competent upon the issue of reckless driving. Appellant, with full knowledge of the defective condition of his car and after his near collision with Bryant's car, caused thereby, yet continued to drive it. Nor does it appear that there was attempted or could have been any alteration or change made in the dangerous condition of his car, by way of repairs, in the brief period of time intervening between appellant's meeting with Bryant and his collision with Hines' car.

It matters not whether this collision, occurring under such conditions, was due to his car's defective steering gear again "cutting under," causing his car to swerve into Hines' car, or was due to his otherwise recklessly driving his car across the road into collision with it. In either instance, the evidence as to the cause of its occurrence was quite sufficient, independent of Bryant's evidence as to appellant's fast driving, to support the jury's verdict that he *recklessly and wantonly*, as charged upon this occasion, drove his car into collision with Hines' car, thereby mortally wounding Dewey Howe.

Under such circumstances, and where the issue was here only one as to whether or not the appellant recklessly and wantonly drove his car into that of Hines, thereby killing Howe, the evidence upon this issue fully warranted the jury's finding him guilty of such offense of reckless driving, independently of any evidence or question as to what was the rate of speed at which he was then traveling. Therefore it is our conclusion that, even conceding the testimony of Bryant, in so far as it related to his seeing appellant driving at an excessive speed of fifty or sixty miles an hour when he met him on the road some five or six hundred feet or more from the place of collision, was irrelevant and therefore, for such reason, not logically or properly admissible upon

the issue joined as to reckless driving, its admission clearly should not be deemed to have been of prejudicial effect upon such issue, where abundant competent evidence, including that of appellant himself, supported the jury's finding defendant guilty of manslaughter as caused by reckless driving.

The evidence introduced for the commonwealth, as well as that given by the defendant in his own behalf, both as to his knowledge of the defective condition of his car and his attempting to pass the car ahead while driving at the rate of thirty miles an hour on a road sharply curving, as it wound up and over a hill, when and where he could not see ahead, in violation of the applicable statutory provisions, we deem was amply sufficient to support the jury's verdict that Howe's death was due to or caused by appellant's reckless and wanton driving.

In Jones v. Commonwealth, 213 Ky. 356, 281 S. W. 164, 166, it was held that "automobiles may rightfully and properly be used upon the public highways, and are not to be classed in the same category with deadly weapons, but, if improperly handled, they are dangerous instrumentalities, and the driver should be charged with the natural and reasonable consequences of his conduct." Further, it was there held that one operating an automobile in a manner "reasonably calculated to injure others using the highway, and under such circumstances recklessly, wantonly and with gross carelessness strikes and kills another," is guilty of voluntary manslaughter. Such was the offense for which the appellant was here indicted.

Also, in King v. Commonwealth, 253 Ky. 775, 70 S. W. (2d) 667, 668, the court again to like effect announced the rule to be as follows:

"It is well settled that if one operates an automobile upon the highway in such a manner as is likely to injure others using the highway and recklessly, wantonly and with gross carelessness strikes and kills another, he is guilty of voluntary manslaughter. [Citing Jones Case, supra.] This principle is based upon the theory that a man intends the natural consequences of his act and that he is aware or ought to be aware of what will result from the reckless or grossly careless operation of an automobile, which becomes a dangerous instrumentality under

such circumstances, although he actually has no intention to kill.''

To like effect, see also Morris v. Commonwealth, 255 Ky. 276, 73 S. W. (2d) 1.

The evidence for the commonwealth, as stated, here tended to show that the appellant was driving a car dangerously defective in its steering wheel and which appellant states had but a minute before caused him to nearly collide with the car of Cliff Bryant when passing him. With knowledge of such defective condition of his car, when continuing to drive it he must be taken to have been cognizant of the hazard and danger to which he was subjecting others using the highway, and therefore should be held to have intended the natural consequences of his act.

The evidence, we conclude, was amply sufficient to support the jury's finding the defendant guilty of the charged offense of voluntary manslaughter, committed through his recklessly operating his automobile in a manner reasonably calculated to injure others using the highway, and which did here mortally injure Howe, and even if the punishment may appear severe, yet, as said in Colvin v. Commonwealth, 247 Ky. 480, 57 S. W. (2d) 487, 489, ''this court is not authorized in a criminal case to modify the judgment or to reverse it because it seems excessive.''

Judgment affirmed.