## SPORIA et al. v. PENNSYLVANIA GREY-HOUND LINES, Inc.

No. 8497.

Circuit Court of Appeals, Third Circuit.

Argued May 19, 1944.

Decided June 12, 1944.

Harold E. McCamey, of Pittsburgh, Pa. (Dickie, Robinson & McCamey, of Pittsburgh, Pa., on the brief), for appellant.

George Bloom, of Washington, Pa., for appellee, did not file a brief or argue.

Before DOBIE and McLAUGHLIN, Circuit Judges, and KALODNER, District Judge.

DOBIE, Circuit Judge.

Pete Sporia (hereinafter called Sporia) and Stephen Kosana (hereinafter called Kosana), as co-plaintiffs, brought a civil action against Pennsylvania Greyhound Lines, Incorporated (hereinafter called Greyhound) as defendant, in the Common Pleas Court of Washington County, Pennsylvania. This action sought to recover damages for injuries alleged to have been suffered by Sporia and Kosana as the result of a collision between an automobile driven by Sporia, in which Kosana was riding as a guest, and an auto bus of Greyhound. Greyhound removed the action into the District Court of the United States for the Western District of Pennsylvania.

In the District Court, Greyhound sought a severance of the claim (or cause of action) of Sporia against Greyhound from the claim (or cause of action) of Kosana against Greyhound, and Greyhound asked that Sporia be made a party defendant to the claim (or cause of action) of Kosana against Greyhound.

The District Court denied the relief sought. Judge Schoonmaker stated: "As Pete Sporia is already a party to this action, we are of the opinion that he cannot be brought on the record as an additional defendant." 3 F.R.D. 197. Grey-

106

hound has duly appealed. Counsel for Greyhound inform us that neither Sporia nor Kosana objected to the severance which Greyhound seeks.

■■■ It seems clear that the joinder of Sporia and Kosana as co-plaintiffs here was proper under both the practice in Pennsylvania and the practice in the federal District Courts. See Civil Practice Rules of Pennsylvania, Rule No. 2229, 12 P. S.Pa.Appendix; Federal Rules of Civil Procedure, Rule 20(a), 28 U.S.C.A. following section 723c. Equally clear is it that the claim of Sporia and the claim of Kosana here are quite separate and distinct, each from the other. The judgments obtained, if the plaintiffs should prevail, would necessarily be different, depending upon the injuries sustained by each. And it might well be, if both Sporia and Greyhound are found to be negligent, that judgment might go against Sporia (the driver) and still be in favor of Kosana (the guest).

If the severance be granted, and if Sporia be made a party-defendant to the action of Kosana against Greyhound, then Greyhound has proper opportunity to assert that Sporia is liable (alone or severally or jointly) in the action of Kosana, Sporia's guest. As this action is now brought, Greyhound, if held liable to Kosana, might lose its right of contribution from Sporia.

The District Judge evidently proceeded under Rule 14(a) of the Federal Rules of Civil Procedure which (in part) provides:

"*When Defendant May Bring in Third Party.*

"Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon *a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him.*" (Italics ours.)

This rule was evidently drawn to cover cases of bringing in persons not already parties to the action, and Sporia was clearly a party to the action as a co-plaintiff.

Rule 42(b) of the Federal Rules of Civil Procedure provides:

"Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

But this rule is on its face concerned only with separate trials and makes no provision whatever for a change, alteration or addition of parties to the civil action in question. It would, therefore, seem that no express provision of these two rules covers in terms the situation and question presented to us.

Rule 21 of the Federal Rules of Civil Procedure, however, does provide:

"Misjoinder and Non-Joinder of Parties

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. *Any claim against a party may be severed and proceeded with separately.*" (Italics ours.)

Then, too, we think the last sentence of Rule 1 of the Federal Rules of Civil Procedure is important:

"They (these rules) shall be construed to secure the just, speedy, and inexpensive determination of every action."

Moore, Federal Practice, seems to doubt the power of the court to order a severance here. This writer states, Vol. 3, page 3052:

"The April 1937 draft gave the court almost as extensive power to sever claims as to order separate trials. This power was eliminated by the November Final Report. Rule 42(b) does not authorize the severance of any claim or issue that is properly pleaded in an action. Rule 21 does, however, give the court power to sever a misjoined claim."

Judge Charles Clark (Reporter of the Advisory Committee of the Supreme Court), in speaking of the Rules, said, after quoting Rule 21:

"Thus is carried out the theory that an action is not ended by any difficulties of this kind, but the court is to make discretionary orders *going so far as to separate the claims if that is desirable.*" (Italics ours.) Proceedings of the Institute on Federal Rules, Cleveland, Ohio, July 21–23, 1938, Published by the American Bar Association, page 262.

And, in the same volume at page 274, speaking of the last sentence of Rule 21, Judge Clark said:

"There is a provision, the provision in Rule 21, for *absolute severance of the case."* (Italics ours.)

While discussing Rule 21 before the Washington Institute (at page 65), Judge Clark again said:

*"Any claim against a party may be severed* and proceeded with separately." (Italics ours.)

The researches of counsel have failed to disclose any decision of an appellate court, either in Pennsylvania or in the federal courts, dealing with this precise question. Several lower court decisions in Pennsylvania unquestionably favor the right here sought by Greyhound. Thus in Stokes v. Giarraputo & Son, 42 Pa.Dist. & Co.R. 161, it was said:

"Therefore, it has been the practice of our courts in the exercise of their discretion in such matters to allow a severance of such actions where joinder has resulted, as herein, in denying to defendant a procedural advantage which he might otherwise have."

And again, in Judge v. Lang, 43 Pa.Dist. & Co.R. 511, the Stokes case, supra, is cited with approval and the court remarked:

"We believe that, since the permissive joinder is merely a convenience and the causes of action still retain their separate character, the court possesses an inherent power to direct the severance of actions and should exercise that power."

While in Sweitzer v. Erie Coach Co., 44 Pa.Dist. & Co.R. 328, the Stokes case was again approved and it was held that the actions should be severed.

The right of severance is strongly favored in a standard work on Pennsylvania practice. Thus in Goodrich-Amram, in a comment on Pennsylvania Civil Practice Rule 2252(a)-4, we find:

"This rule likewise prevents the joinder of plaintiffs as additional defendants when the plaintiffs, who could have brought separate actions, have joined in one action. This is illustrated in the case of a driver of an automobile and his guest who joins as co-plaintiffs in a single action against the driver of another car involved in a collision. Although the guest and the driver appear as co-plaintiffs in a single action, their respective claims remain distinct and for all purposes the action is treated as though they had brought separate actions which were then consolidated for trial. Therefore, while the driver and the guest appear as 'parties to the action,' the guest is the only party plaintiff as to the issue upon his claim against the defendant and the driver is similarly the only party plaintiff as to the issue upon his claim against the defendant. Because of this separate character of the claims of the co-plaintiffs, the defendant should be able to assert in some manner that the driver plaintiff is alone liable or jointly or severally liable for the cause of action upon which the guest plaintiff declares or is liable over to the defendant therefor. In order to permit this to be done, the court should direct a severance of the claim of the plaintiff whom the defendant wishes to join as an additional defendant from the claim of the other plaintiff or plaintiffs. The severed plaintiff then ceases to be a party to the action of the remaining plaintiffs and may be joined as an additional defendant as to the remaining claim."

And in the same work, in a comment on Pennsylvania Rule 2255(d)-8, it is said:

"It has already been recognized that where plaintiffs having separate causes of action join as co-plaintiffs, the defendant may obtain a severance of the claim of one of the plaintiffs in order to join him thereafter as an additional defendant as to the claim of the remaining plaintiffs. Such a severance is proper in order to protect the defendant from being deprived of the procedural right of joinder to which he would be entitled had the severed plaintiff not joined as a co-plaintiff. Otherwise the right to join him as an additional defendant would depend upon the chance circumstance that he had not joined as a co-plaintiff."

We find ourselves in thorough accord with the views above expressed.

Essential justice, and the proper determination of the rights and liabilities, inter sese, of all these parties here (Sporia, Kosana, Greyhound), would seem alike to demand the granting of the severance sought by Greyhound. Against this, only highly technical reasons can be advanced. A severance works no injustice upon any of these parties; all the so-called equities favor it.

We are convinced that the District Court possessed the power to grant the relief sought by Greyhound. And we further think that, in failing to grant that relief,

the District Court abused its discretion and committed a clear error.

The judgment of the District Court is accordingly reversed, and the case is remanded to that court with directions to grant a severance of the claim of Sporia and the claim of Kosana against Greyhound, and to permit Sporia to be made a party-defendant to the claim of Kosana against Greyhound.

When these things have been accomplished, nothing in this opinion shall be deemed to prevent a consolidation of the two separate claims for trial, if the District Court should, in its discretion, deem such a procedure advisable in the premises.

Reversed and remanded.