## CHEVASSUS et al. v. HARLEY.

### Civ. A. No. 6847.

United States District Court
W. D. Pennsylvania.

Oct. 6, 1948.

H. Fred Mercer, of Mercer & Buckley, all of Pittsburgh, Pa., for plaintiff.

George Y. Meyer, of Pittsburgh, Pa., for defendant Robert Eaton Harley.

Daniel S. Newman, of Dickie, Robinson & McCamey, all of Pittsburgh, Pa., for Third Party defendant Fernand E. Chevassus.

GOURLEY, District Judge.

This is an action of trespass arising out of an automoblie accident which occurred in the Western District of Pennsylvania. Suit is brought by Suzanne Chevassus and Fernand E. Chevassus, wife and husband, against Robert Eaton Harley. Damages are alleged to have been suffered by them respectively as a result of a collision between the husband plaintiff's automobile, driven by him in which the wife plaintiff was a guest passenger, and an automobile owned and driven by Robert Eaton Harley.

The plaintiffs' complaint contains separate claims for damages by the wife and husband, respectively, as follows:

1. The wife's claim growing out of her personal injuries.

412

## 2. The husband's claim—

(a) On account of his wife's injuries, including the loss of her services and companionship, and for expenses paid by him on her account.

(b) Because of his own personal injuries.

(c) Property damages to his automobile.

The question before the Court for adjudication involves the application of Suzanne Chevassus, wife plaintiff, for trial severance from the action of Fernand E. Chevassus, husband plaintiff. Application of Rules 42(b) and 20(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. must, therefore, be considered.

The court previously granted the motion of Robert Eaton Harley to sever the action of Suzanne Chevassus from the action of Fernand E. Chevassus in order that Fernand E. Chevassus could be made a third party defendant in the action of Suzanne Chevassus.

As the record now stands, the following actions remain for trial and adjudication, a jury trial having been requested:

(a) Suzanne Chevassus against Robert Eaton Harley, original defendant, and Fernand E. Chevassus, third party defendant.

(b) Fernand E. Chevassus against Robert Eaton Harley on account of his wife's injuries, including the loss of her services and companionship, and for expenses paid by him on her account.

(c) Fernand E. Chevassus against Robert Eaton Harley for personal injuries sustained and damages to his motor vehicle.

Rule 20(a) of the Federal Rules of Civil Procedure provides:—

"All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * *".

These claims were properly brought by the husband and wife plaintiff against Robert Eaton Harley under the Federal Rules of Civil Procedure.

The plaintiff Suzanne Chevassus contends that extreme confusion and prejudice with the jury would arise if she is required to prosecute her cause of action against Robert Eaton Harley and Fernand E. Chevassus at the same trial in which the claims of Fernand E. Chevassus against Robert Eaton Harley are adjudicated. That her claims under such circumstances could not be fairly and clearly presented.

The defendant Robert Eaton Harley contends that since all of the causes of action arose out of the same accident, the testimony presented will involve the same facts. That in order to avoid multiplicity of suits and to expedite the prompt and orderly disposition of the respective claims, all of the causes of action could, without confusion or prejudice, be adjudicated in one trial before the same court and jury.

The third party defendant Fernand E. Chevassus through his counsel, who is different than the counsel who represents him in his action against Robert Eaton Harley, does not contend in favor of either the plaintiff Suzanne Chevassus or the original defendant Robert Eaton Harley. In short, Fernand E. Chevassus remains neutral or impartial.

■ Under the provisions of Rule 14(a) of the Federal Rules of Civil Procedure a defendant, before the service of his answer, may serve ex parte, or after the service of his answer, on notice to the plaintiff, for leave as a third party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. Sporia et al. v. Pennsylvania Greyhound Lines, Inc., 3 Cir., 143 F.2d 105.

■ This rule does not permit the original defendant to join as an additional defendant a person already appearing of record as a party. Where persons having separate claims join as co-plaintiffs, the proper procedure is the granting of a severance of the action upon the application of the defendant who may thereafter join the plaintiff in one of the severed actions as an additional defendant in the remaining action. Sporia et al. v. Pennsylvania Greyhound Lines, Inc., supra.

The action of the Court in previously granting the severance of the action of

Suzanne Chevassus against Robert Eaton Harley, and giving leave to make Fernand E. Chevassus a third party defendant in said action was proper. This makes possible the adjudication of the claim of Robert Eaton Harley against Fernand E. Chevassus as to whether Fernand E. Chevassus is jointly liable or solely liable in the claim of Suzanne Chevassus against Robert Eaton Harley. The joinder of Fernand E. Chevassus in the action of Suzanne Chevassus against Robert Eaton Harley is only for the purpose of protecting the original defendant's right to contribution from Fernand E. Chevassus. Sporia et al. v. Pennsylvania Greyhound Lines, Inc., supra.

Rule 42(b) of the Federal Rules of Civil Procedure provides:—

"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues".

Rule 20(b) of the Federal Rules of Civil Procedure provides:—

"The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice".

■ Generally it is at the request of the defendant that a trial severance is granted in an action of this nature. However, under the Federal Rules of Civil Procedure relating to separate trials the plaintiff as well as the defendant can apply for a separate trial. Seaboard Terminals Corp. et al. v. Standard Oil Co. of New Jersey, et al., D.C. 30 F.Supp. 671.

It is the duty of the court to see that the rights of the parties are preserved and to control any execution that might be issued on any judgments rendered, so that Suzanne Chevassus may recover only from the original defendant Robert Eaton Harley, and the said Robert Eaton Harley, original defendant, may obtain only contribution from Fernand E. Chevassus, third party defendant.

■ In the action of Suzanne Chevassus against Robert Eaton Harley, although Fernand E. Chevassus is a third party defendant, her husband is not a party defendant to the action as far as she is concerned. Any judgment which might be rendered against Fernand E. Chevassus is not enforceable by her, nor does it enure to her benefit. It would simply be a judgment enuring to the benefit of the original defendant if he pays or is required to pay any judgment rendered in favor of the wife. The law then would require the husband to pay one-half of the damages paid by the original defendant as a result of the joint negligence of both the original defendant and third party defendant. Fisher v. Diehl, 156 Pa.Super. 476, 40 A.2d 912; Sporia et al. v. Pennsylvania Greyhound Lines, Inc., supra.

■ It is a matter of discretion with the court whether a consolidation of the respective causes of action should be permitted although there are involved two separate claims for trial. Sporia et al. v. Pennsylvania Greyhound Lines, Inc., supra.

In my judgment considerable confusion and possible prejudice would arise in the adjudication of the claim of Suzanne Chevassus against Robert Eaton Harley, in which Fernand E. Chevassus is a third party defendant, if she were required to proceed with the trial of the claim of Fernand E. Chevassus against Robert Eaton Harley before the same jury. Although the trial Judge could do much to explain the respective legal theories which would apply to the causes of action, I doubt if it would avoid the confusion which we must try to avoid taking place with a jury.

Essential justice, and the proper determination of the rights and liabilities, inter sese, of all the parties, is the court's primary consideration and duty.

■ Against this, only highly technical reasons can be advanced. A severance will work no injustice upon any of the parties. I believe the equities favor it and demand the granting of separate trial in the action of Suzanne Chevassus against Robert Eaton Harley, original defendant, and Fernand E. Chevassus, third party defendant.

An appropriate Order is entered.