**ZUTT et ux. v. BLATT.**
*No. 13066.*

United States District Court
E. D. Pennsylvania.
July 21, 1952.

Charles H. Weidner, of Stevens & Lee, Reading, Pa., for plaintiff.

Max E. Cohen, Philadelphia, Pa., for defendant.

GANEY, District Judge.

Frederick Zutt and his wife Miriam joined as plaintiffs in bringing an action against Levi Blatt.[1] The purpose of the action is to recover damages for personal injuries sustained by plaintiffs in Ephrata, Penna., on August 16, 1950, as the result of a collision between an automobile owned and operated by the husband and in which his wife was a guest passenger, and a truck owned by the defendant and operated by his employee within the course and scope of his employment. Both the husband-plaintiff and the defendant are insured against public liability by the same insurance company.[2]

Defendant has moved to sever plaintiffs' action under Rule 20(b), and if that motion is allowed, he has filed a motion for leave as a third-party plaintiff to join the husband-plaintiff as a third-party defendant in the wife-plaintiff's action pursuant to Rule 14(a)[3]. The matter is before us on plaintiffs' objection to defendant's successive motions. The basis for the objection to the severance of the action and the subsequent joinder of the husband-plaintiff is that it would serve no useful purpose but in fact would be an abuse of legal process to gain a tactical advantage.

As the alignment of the parties now stand, if we were to deny defendant's motion and subsequently the fact-finding body should find either the husband-plaintiff or the defendant solely responsible for the collision, the defendant would not be prejudiced by our ruling. On the other hand if the fact-finding body should find both the husband-plaintiff and the defendant jointly responsible for the wife-plaintiff's injuries, the defendant could not obtain contribution from the husband-plaintiff under the Pennsylvania Contribution Among Tort Feasors Act of June 24, 1939, P.L. 1075.[4]

Plaintiffs do not deny the court's power to allow defendant's motions under the Federal Rules of Civil Procedure. Sporia v. Pennsylvania Greyhound Lines, 3 Cir., 1944, 143 F.2d 105.[5] They point out, however, that under the latter possible situation above where both the husband-plaintiff and

---

1. Rule 20(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., permit such a joinder.

2. Farm Bureau Mutual Automobile Insurance Company.

3. Such joinder must be only on the ground of joint liability because the husband, under Pennsylvania law, can not be held liable to his wife for a tort.

4. This Act has been superceded by the Uniform Contribution Among Tort Feasors Act of July 19, 1951, P.L. 1130, §§ 1–8, 12 P.S. §§ 2082–2089.

5. The Courts of Pennsylvania possess a like power. See Fisher v. Diehl, 1945, 156 Pa.Super. 476, 40 A.2d 912.

the defendant may be found jointly liable, no contribution will be sought by or on behalf of the defendant because both parties are insured by the same insurance company. While admitting that such a turn of events may take place, defendant claims that there is no guarantee that it will. He therefore offers the following three reasons why he thinks this court should allow his motions. First, if, as the parties now appear on the record, the verdict should go against him, the insurance company may not be in a financial position to indemnify him under the policy when the time for satisfying judgment rolls around. Second, the verdict against him may exceed the limit of coverage in his insurance policy. Third, the husband-plaintiff now possesses a psychological advantage, for the fact-finding body is not as likely to find him negligent in his present position as an injured plaintiff as it might were he to appear before it in the position of a third-party defendant.

The first and third reasons aside, in our opinion, the second is sufficient for us to allow defendant's motion.

Accordingly, plaintiffs' objections to defendant's motions are overruled, and the motions will be allowed.