George ROY as Administrator of the Estate
of Oscar Roy, Deceased, Avery Roy by his
Next Friend, Dewitt Roy, Appellants,

v.

Gene LYONS et al., Appellees.

Court of Appeals of Kentucky.

Oct. 15, 1954.

Ira Pittman, Stanley G. Lemon, Liberty, L. C. Lawrence, Jamestown, for appellant.

Morris C. Montgomery, Liberty, for appellee.

CLAY, Commissioner.

In this automobile accident case the jury returned a verdict for the defendants and the plaintiffs appeal. Many alleged errors are suggested in appellants' brief.

The automobile in which appellants were riding sideswiped defendants' loaded truck when the vehicles were moving in opposite directions. The damage to the automobile and other evidence in the case indicated that the automobile was travelling at a high rate of speed.

Appellants contend that the court erroneously permitted a signed statement of a witness to be read as part of his deposition. The witness first refused to let the statement be filed, but later when he was asked to make it a part of his deposition he said, "It is O. K."

It is clear that the statement was made a part of the deposition regardless of what the witness said concerning it. As this case was practiced under the Civil Code, it was incumbent upon appellants to except to

the deposition prior to the trial under Section 587 of the Civil Code if they wished to insist on their objection. This they failed to do, thereby waiving the objection. See Harrel's Adm'r v. Harrel, 232 Ky. 469, 23 S.W.2d 922.

Appellants next contend that the court erred in overruling their objection to the testimony of a witness with respect to the speed of appellants' automobile at a point approximately one mile from the scene of the accident. The statement of the witness was that appellants' automobile was "travelling a pretty good speed". Assuming it was error for the court to let in this testimony, it was not prejudicial. In the first place, the statement is indefinite; in the second place, there was other evidence tending to establish that the automobile was travelling at a high rate of speed both near to and at the point of the accident. We do not think this statement of the witness could have had a prejudicial effect.

There are other objections to the testimony of other witnesses, but we do not find any error in the admittance or exclusion of such testimony. We may add that appellants' brief fails to point out to us wherein the court's rulings adversely affected them.

Appellants also contend that they were not permitted to poll the jury, and that the court refused to permit plaintiffs' lawyer to use toy motor vehicles in his closing argument. The bill of exceptions does not show that appellants requested a poll of the jury or that they objected to the ruling of the court concerning the argument.

It is lastly contended that no instruction on the contributory negligence of the passenger in the automobile should have been given. However, there was ample evidence that the driver of the automobile had been operating it in a reckless manner a sufficient time prior to the accident for the passenger to have realized the danger and to have taken some action for his own safety.

We believe appellants had a fair trial and we find no errors in the record which would justify a reversal.

The judgment is affirmed.