Clifton L. SMITH and Emma E. Smith, Plaintiffs,

v.

Stanley BROWN, Defendant. Civ. A. No. 5092.

United States District Court, M. D. Pennsylvania.

Jan. 26, 1955.

**40**

John R. Lenahan, Scranton, Pa., for plaintiffs.

Charles L. Casper, Wilkes-Barre, Pa., for defendant.

WATSON, Chief Judge.

This is an action arising out of an automobile accident which occurred near the Village of Bath, New York. Suit is brought by Clifton L. Smith and Emma E. Smith, husband and wife, against Stanley Brown. Damages are alleged to have been suffered by them respectively as a result of a collision between the husband plaintiff's automobile, driven by him in which the wife plaintiff was a guest passenger, and an automobile owned and driven by Stanley Brown.

The plaintiff's complaint contains separate claims for damages by the husband and wife, respectively, as follows:

1. The husband's claim—

(a) Property damages to his automobile.

(b) On account of his wife's injuries, including the loss of her services and companionship, and for expenses paid by him on her account.

2. The wife's claim growing out of her personal injuries.

The question before the Court at this time involves the application of the defendant for separate trial of the wife's cause of action set forth in the complaint.

Rule 20(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or aris-ing out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * * "

This action was properly brought by the husband and wife plaintiffs against Stanley Brown under the Federal Rules of Civil Procedure.

Rule 42(b) of the Federal Rules of Civil Procedure provides:

"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

Rule 20(b) of the Federal Rules of Civil Procedure provides:

"The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice."

The defendant contends that a separate trial will expedite a determination of the issues and avoid delay for the reason that simultaneously with defendant's motion for separate trial he has moved the Court to join Clifton L. Smith, one of the plaintiffs herein, as a third-party defendant in plaintiff wife's cause of action. On the other hand, since all of the causes of action arose out of the same accident, the testimony presented will involve the same facts. In order to avoid multiplicity of suits and to expedite the prompt and orderly disposition of the respective claims, all of the causes of action could be adjudicated in one trial before the same judge and jury. Consequently, there appears to be no reason why defendant's motion for separate trials should be granted at this time.

Ostensibly, the reason the defendant requests a separate trial is that, if granted, he may join the husband plaintiff as a third-party defendant in the wife's action. Rule 14(a) of the Federal Rules of Civil Procedure provides:

"Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

■■ This rule does not permit the original defendant to join as an additional defendant a person already appearing of record as a party. Where persons having separate claims join as co-plaintiffs, the proper procedure is to sever the action upon the application of the defendant who may thereafter join the plaintiff in one of the severed actions as an additional defendant in the remaining action. Sporia v. Pennsylvania Greyhound Lines, Inc., 3 Cir., 143 F.2d 105; Chevassus v. Harley, D.C., 8 F.R.D. 410. See also Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The defendant might conceivably desire to follow the procedure herein outlined. It may be that if the procedure outlined herein is employed and the claims are severed, some of the parties hereto would desire separate trials of the respective causes of action and would move this Court for an order granting such, which the Court might in its discretion grant.

For the aforegoing reasons, defendant's motion for separate trial will be denied and an appropriate order will be entered herewith denying defendant's motion to bring in third-party defendant on the ground that it is premature at this time in that the proposed third-party defendant is a person already appearing of record as a party.