**Walter M. GASPORD and Josephine M. Gaspord, husband and wife,**

v.

**EMERY TRANSPORTATION COMPANY and Trent Buzask.**

**Civ. A. No. 24067.**

United States District Court
E. D. Pennsylvania.

Dec. 29, 1959.

Marshall J. Seidman, Philadelphia, Pa., for plaintiff.

Albert C. Gekoski, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

And Now, December 29, 1959, upon consideration of the briefs of counsel (Documents Nos. 23 and 28), the attached letters of November 23 and De-

cember 1, and the record, It Is Ordered that the action of Walter M. Gaspord be severed from that of Josephine M. Gaspord in the above-captioned case and leave is granted to defendant, The Emery Transportation Company, to join Walter M. Gaspord as third-party defendant and the Marshal is directed to serve a summons and third-party complaint in the form attached to the Motion (Document No. 18 in Clerk's file) upon such third-party defendant.

Plaintiffs' argument relying on the wording [1] of F.R.Civ.P. 14 as limiting its application to the joinder of only third-party defendants who are not at the time of the motion parties plaintiff must be made to the United States Court of Appeals for the Third Circuit in view of Sporia v. Pennsylvania Greyhound Lines, 3 Cir., 1944, 143 F.2d 105, and the past policy of this court as exemplified by Zutt v. Blatt, D.C.E.D.Pa.1952, 13 F.R.D. 3.

■■ The court has been able to find nothing in the record to substantiate the contention of the plaintiffs' attached letter of November 23 that such third-party defendant is a resident of Indiana. In paragraph 1 of the Complaint, it is alleged that Mr. Gaspord is a resident of Morrisville, Pa., which is in the Eastern District of Pennsylvania. The fact that the third-party complaint indicates that he was a resident of Illinois in August 1959, when it was filed, would not seem pertinent in view of his local residence at the time suit was begun, his election to institute suit in this District, and his failure to ask for removal of the action under 28 U.S.C.A. § 1404(a). In any event, a third-party claim is ancillary for purposes of venue and jurisdiction. See Sheppard v. Atlantic States Gas Co., 3 Cir., 1948, 167 F.2d 841; Lone Star Package Car Co. v. Baltimore & O. R. Co., 5 Cir., 1954, 212 F.2d 147; Moncrief v. Pennsylvania R. Co., D.C.E.D.Pa.1947, 73 F.Supp. 815; Sussan v. Strasser, D.C. E.D.Pa.1941, 36 F.Supp. 266; Morrell v. United Air Lines Transport Corporation, D.C.S.D.N.Y.1939, 29 F.Supp. 757.

The other legal arguments of plaintiffs' counsel are sufficiently answered by the authorities cited on pages 4 and 5 of defendant's brief (Document No. 28).

■ As both briefs recognize, the most difficult question presented to the court by the Motion is whether the Motion should be granted in view of the delay in filing it until 18 months after suit was instituted and after the pretrial memoranda had been filed. However, the argument judge has concluded that the Motion should be granted under the circumstances of this case for these reasons:

A. The pre-trial conference will not be scheduled until the week of March 21, 1960, being seven months after the filing of the Motion (plaintiff must share the necessary delay incident to his electing to object to the Motion and its being placed on the argument list, and the illness of counsel's family cannot be counted against either party).

B. It is most unlikely that the case will be reached for trial until April or May 1960 and it probably will not be tried until the fall of 1960.

C. All depositions and medical reports will be made available to such attorney as acts for Mr. Gaspord, as third-party defendant. (Also, there is good reason to believe that the attorney acting as counsel for his wife and himself as plaintiffs will act for him as third-party defendant.)

---

1. Plaintiffs rely on the first sentence of F.R.Civ.P. 14(a), 28 U.S.C.A. which is quoted, with underlining supplied, as follows at page 1 of their brief (Document No. 23):

"* * * after the service of his answer, (a defendant may move) on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon *a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served,* the person so served, hereinafter called the third-party defendant, shall make his defenses to the third party plaintiff's claim * * *."

D. This Motion was filed prior to the effective date of our present Local Rule 19, requiring such Motions to be filed within six months of the Answer and it was not unusual for counsel to file such Motions fifteen months after the filing of the Answer prior to such effective date.

E. If the third-party defendant should not have a sufficient opportunity to prepare for trial on the third-party complaint by the time the case is called for trial, the third-party action could be severed and tried later. Since a substantial saving in court time would result from trying the third-party claim with the main action, a single trial with the third-party defendant joined, should be held if possible.

