**Crusoe HUFF, Appellant,**

**v.**

**Shep DANIELS et al., Appellees.**

Court of Appeals of Kentucky.

May· 6, 1960.

G. Wix Unthank, Harlan, for appellant.

J. K. Beasley, Harlan, for appellees.

CULLEN, Commissioner.

Shep Daniels and his wife, Annabelle, brought a joint action against Crusoe Huff to recover for personal injuries and property damage sustained in an automobile accident. On the morning of the trial the court sustained a motion of the plaintiffs that the action be dismissed as to the plaintiff Shep Daniels. The case went to trial on Annabelle's claim and the jury returned a verdict awarding her $4,000. Huff has appealed from the judgment entered on the verdict.

Prior to the trial, the defendant made a motion styled a "Motion to Strike" in which he asked that Annabelle Daniels "be stricken from the Complaint * * * on the ground of her being improperly joined" as a plaintiff. The court overruled the motion and the appellant maintains that this was error.

From the order of the court overruling the motion it appears that the motion was intended, and the court so considered it, as one for a severance of the claims of the two plaintiffs in order that the defendant might cause Shep Daniels to be made a party defendant in Annabelle's action and assert a cross claim against him for contribution. (Shep was the driver of the Daniels' car.) Assuming that the ineptly stated motion could be considered as an adequate motion for a severance, the overruling of the motion was an abuse of the discretion given the court under the last sentence of CR 21. See Jacobson v. Shober, D.C.Pa.1948, 7 F.R.D. 653; Sporia v. Pennsylvania Greyhound Lines, 3 Cir., 1944, 143 F.2d 105; Smith v. Brown, D.C.Pa. 1955, 17 F.R.D. 39.

While the court erred in overruling the motion, there are two reasons why the error cannot be considered prejudicial. The first is that the defendant failed to avail himself of the opportunity to move that Shep be made a third-party defendant after the court had dismissed Shep's claim as a plaintiff. The second arises from the fact that the parties, upon the trial, stipulated that at the time of the accident Shep was driving his wife's automobile as her agent and servant. Therefore, no basis for contribution against him could exist, because if any negligence on his part had been shown such as to make him a joint tortfeasor, the negligence would have been imputed to his wife so as to bar any recovery at all on her claim.

A second contention of the appellant is that the court erred in permitting Shep to dismiss his claim on the morning

of the trial. Shep had asked for damages of only $1,000 and it appears that his injuries were of a minor nature. Although the appellant states in his brief that he had asserted a counterclaim against Shep, the only counterclaim shown in the record is one against Annabelle.

Under CR 41.01 the court had discretion to permit Shep to dismiss his claim. It is stated in Clay, CR 41.01, that such a motion properly may be made at least up until the time the claim has been submitted to the jury or the court. Here, it appears that the main claim all along was Annabelle's, and Shep's claim was never of much significance. The appellant has not shown that he suffered any injustice or prejudice by the dismissal of Shep's claim and the going ahead with the trial of Annabelle's claim, such as would establish an abuse of discretion by the trial court.

The rule provides that a dismissal by order of court at the plaintiff's instance shall be upon such terms and conditions as the court deems proper. Here the record does not set forth the order of dismissal, so we have no way of knowing what terms and conditions, if any, were imposed. We cannot assume error on the part of the court with respect to the terms and conditions.

It is our conclusion that the court did not err in permitting the dismissal of Shep's claim.

■ The final contention of the appellant is that the court erred in rejecting testimony of a witness as to Shep's manner of driving at a point around a mile or a mile and one-half from the place of the accident. The rejected testimony, as shown by an avowal, was that the witness "followed the automobile operated by Shep Daniels from the railroad crossing at Golden Ash to the first passing zone on the other side of the Golden Ash bridge, and that the driver, Shep Daniels, was zigzagging back and forth in the road, and that the witness * * * had great diffi-

culty in passing the automobile operated by Shep Daniels."

It is claimed that this testimony was important by reason of the conflicting stories of the parties as to how the accident happened. The Daniels couple maintained that Huff, in passing their car on a curve to the right, crowded too close and bumped their car several times, causing Shep to lose control and run off the road. Huff admitted that the accident happened while he was in the process of passing the Daniels car, but he claimed he was passing not on a curve but on a straight stretch, and the Daniels car swerved across the center line into his car.

■ The ordinary rule is that evidence as to the manner of a person's driving at a point some distance from the place of an accident is not admissible. Gauze v. Horn, Ky., 253 S.W.2d 606. One exception is where the vehicle has remained under the continued observation of the witness to the point of the accident. Ewing-Von Allmen Dairy Co. v. Fowler's Ex'r, 312 Ky. 547, 228 S.W.2d 449. Another exception is where the evidence is designed to show a *pattern* of *reckless* or *wanton* driving. Rowe v. Gibson, Ky., 309 S.W.2d 173; Nichols v. Commonwealth, 291 Ky. 165, 163 S.W.2d 480; Largent v. Commonwealth, 265 Ky. 598, 97 S.W.2d 538.

Here, the rejected testimony was merely as to an isolated bit of erratic driving at a particular point on the highway. The witness did not have the vehicle under observation for a substantial distance so as to be able to testify as to a continued pattern of driving behavior. Nor was the testimony designed to show a continued course of reckless or wanton driving such as to indicate a mental attitude of heedlessness.

It is our opinion that the offered testimony did not come within either exception to the general rule of exclusion, and the trial court therefore did not err in excluding it.

The judgment is affirmed.