**Ralph H. TINGLE, Appellant,**

v.

**James D. FOSTER, Adm'r of the Estate of Mary Hughes Foster Calvert, Deceased, Appellee.**

Court of Appeals of Kentucky.

Feb. 18, 1966.

**476**

Fielden Woodward, Woodward, Hobson & Fulton, Louisville, for appellant.

Edward A. Dodd, Louisville, William B. Gess, Gess, Mattingly, Saunier & Atchison, Lexington, for appellee.

MONTGOMERY, Judge.

The cars of Ralph H. Tingle and Mary Hughes Foster Calvert, driven by each respectively, collided. In the resulting litigation Mary Hughes Foster Calvert, by counterclaim, recovered judgment of $5,825 against Tingle, who has appealed. Pending the appeal the appellee died and the matter hàs been revived in the name of her administrator.

The collision occurred on September, 10, 1960, on U. S. Highway 60 near Eastwood. It occurred, as one travels westward, at the point where the highway changes from two lanes to four lanes with a median strip. Just immediately east of the place of collision the highway curves to the right as one travels westward.

Appellant owned a garage-service station located on the north side of the highway about thirty feet from the point where the four lanes begin. Appellant's car, headed west toward Louisville, was parked off the highway in front of his garage.

Appellant had started to take some customers home. He testified that preparatory to crossing the highway he looked in both directions and saw no car approaching from the east or the west. He said that he could see to the east toward Shelbyville for a distance of approximately three hundred feet. He then proceeded to drive out onto the highway in such manner that he could cross over and drive in the eastbound traffic lane toward Shelbyville. Appellee testified that she was driving westwardly some 55 miles per hour and that as she reached the Eastwood cutoff appellant suddenly, without stopping, pulled onto the highway immediately in front of her car, thereby causing the accident. The evidence is conflicting on the point whether appellant stopped before pulling onto the highway.

Appellant urges that the trial court erred in denying admission of testimony concerning the manner of appellee's driving and of testimony concerning the presence of certain bottles found in appellee's car and also in instructing the jury on "ordinary care."

Appellant sought to introduce the testimony of Gerald Cox and Edward Broadus

who had observed the driving conduct of appellee for a distance of eight to ten miles until shortly before the accident. Avowals were made.

In substance Cox and Broadus testified that they were traveling together on U. S. Highway 60 from Lexington to Louisville on the day of the collision. They came in behind a 1960 white Ford convertible, which was later learned to be appellee's car, about eight to ten miles east of the place of collision. Appellee's car was swerving back and forth from the right side and shoulder of the road across the yellow line in the center of the highway, such as a car might do when driven by a person under the influence of alcohol. At that time she was driving fifty to sixty miles per hour. Her car passed the Cox car twice before the accident. She was continually gesturing toward the rear seat of her car as if she were talking to someone although no one was visible. Appellee's car was observed by Cox for all of the eight or ten miles until it disappeared from view, rounding a curve about forty-five seconds before the collision. In Cox's opinion appellee's car could not have disappeared around the curve so fast had it been proceeding at less than sixty miles per hour.

Broadus also testified to the swerving of appellee's car from side to side and to the gesturing. He also said that she "tailgated" other cars and that on one occasion she barely missed colliding with another car. He said that he last saw the car about a mile from the place of the accident and that her car was picking up speed and was doing about eighty miles per hour then, about one minute before the accident occurred.

Two other witnesses testified to seeing appellee's car as it came around the curve approaching appellant's place of business from the east. Harold Sparrow testified that appellee's car was coming fast and had the sound of a car going very fast. He turned his back and immediately heard the collision. Herbert Tingle, no relation to appellant, was seated in his car, headed east, in front of the station. He saw appellee's car approaching at a speed, estimated by him, of seventy to seventy-five miles per hour. It was on the wrong side of the road when it came around the curve.

The testimony of Cox and Broadus as to speed and recklessness was offered to establish the manner of driving by appellee. The court, in excluding the testimony, relied on Stevens v. Potter, 209 Ky. 705, 273 S.W. 470, on the theory that the Cox and Broadus testimony was inadmissible because they did not observe appellee's car all the way to the place of collision.

The rule has been stated in Huff v. Daniels, Ky., 335 S.W.2d 332, thus:

> "The ordinary rule is that evidence as to the manner of a person's driving at a point some distance from the place of an accident is not admissible. Gauze v. Horn, Ky., 253 S.W.2d 606. One exception is where the vehicle has remained under the continued observation of the witness to the point of the accident. Ewing-Von Allmen Dairy Co. v. Fowler's Ex'r, 312 Ky. 547, 228 S.W.2d 449. Another exception is where the evidence is designed to show a pattern of reckless or wanton driving. Rowe v. Gibson, Ky., 309 S.W.2d 173; Nichols v. Commonwealth, 291 Ky. 165, 163 S.W.2d 480; Largent v. Commonwealth, 265 Ky. 598, 97 S.W.2d 538."

See also Roy v. Lyons, Ky., 272 S.W.2d 50; Bohannon v. Buschmeyer, Ky., 291 S.W.2d 44.

■ The testimony of Cox and Broadus should have been admitted under the cases mentioned for two reasons: First, the appellee's car was under observation by Cox and Broadus until it disappeared around the curve and then it came under observation by Harold Sparrow and Herbert Tingle who heard or saw the collision; second, it was admissible to show a pattern of reckless or wanton driving.

 Appellant also complains that it was error to exclude testimony concerning the presence of an opened pint of whisky with the seal broken, a broken bottle of whisky with the seal intact, an empty 7 UP bottle, and the appearance of appellee at the scene of the accident. Herbert Tingle testified that he found a pint of whisky with the seal broken and about half full on the seat of appellee's car beside her. He saw an empty 7 UP bottle in her car. On the floor board by appellee's left foot there was a broken fifth bottle of whisky with the seal intact. He said appellee was bent over and her hair was down. It is admitted that appellee was an alcoholic. She later admitted owning the liquor.

Relying on McCulloch's Adm'r v. Abell's Adm'r, 272 Ky. 756, 115 S.W.2d 386, the trial court excluded the proffered testimony because there was no other evidence that appellee had been drinking. There was evidence of a strong odor of alcohol about appellee and in the car, but the officers could not determine if the odor came from the breath of appellee or if she had been drinking. She was injured and was unconscious immediately after the collision.

In the McCulloch case the Court said:

"It not appearing that the driver of the McCulloch car had been drinking, evidence that there was a pint of liquor in the car should have been excluded."

In that case there were occupants of the car other than the driver to whom the pint of liquor may have belonged. Here, there was no one else in appellee's car.

Appellee's contentions and the trial court's ruling are to the effect that evidence of an alcoholic breath is necessary to show alcoholic indulgence. Admittedly, such is good proof, but it is not the only evidence that may be used to show intoxication, as was pointed out in Soard v. Rogers' Adm'r, Ky., 332 S.W.2d 525. The evidence of a pattern of driving indicative of alcoholic indulgence and her conduct immediately prior to the accident, together with the fact that she was an alcoholic and the sole occupant of the car, render the testimony concerning the bottles and her condition admissible.

 Appellant contends that the trial court erred in refusing to define ordinary care as such care as an ordinarily prudent person "if sober" usually exercises. In the light of the conclusions reached here such an instruction is proper. B-Line Cab Co. v. Hampton, Ky., 247 S.W.2d 34; Meadows v. Bailey, Ky., 350 S.W.2d 630; Ruehl v. Houchin, Ky., 387 S.W.2d 597.

Judgment reversed for a new trial in conformity herewith.