THOMAS G. GOLDSBERRY, Plaintiff, v. FRANK CLENDANIEL, INC., a corporation of the State of Delaware, and CHARLES LEON DUKER, Defendants and Third-Party Plaintiffs, v. CHARLES FREDERICK ZINK, JR., Third-Party Defendant.

(*November* 8, 1954.)

LAYTON, J., sitting.

*Everett F. Warrington* for Defendants and Third-Party Plaintiffs.

*Ernest S. Wilson, Jr.* (of Morford and Bennethum) for Third-Party Defendant.

Superior Court for Sussex County, No. 366, Civil Action, 1952.

LAYTON, J.:

Whether or not the Statute of Limitations of one year bars a third-party claim under Rule 14 presents an interesting and little discussed problem. *Gray v. Hartford Accident & Indemnity Co., D. C.*, 36 *F. Supp.* 780 and *Adam v. Vaquier, D. C.*, 48 *F.*

*Supp.* 275, are the only authorities cited as being squarely on point. Both decisions hold that the filing of a third-party complaint is not barred by limitations. In the *Gray* case, a Louisiana statute provided that an action brought against one of two or more joint tort-feasors tolls the running of the Statute of Limitations as to the other joint tort-feasors. The Court held that the Louisiana Statute of Limitations would not be a bar to the filing of a third-party claim. The result is not only logical but obviously was dictated by the local statute. But in the *Adam* case, the Court in arriving at the same conclusion, although not faced with a similar statute, simply cited the Gray case for its authority.[2] Curiously enough, leading texts such as *Moore's Federal Practice,* Vol. 3, Sec. 14.09 cite the *Adam* case as an authority apparently overlooking the faulty premise upon which the decision rests.[3]

■■ I prefer the result reached in the *Adam* case but based upon other reasons. In Delaware, the right of contribution exists among joint tort-feasors, Title 10 *Del. C.* § 6302. The Statute of Limitations with which we are here concerned bars the bringing of an action for personal injuries after one year from the time when the injuries were sustained. Rule 14 provides that defendant may implead a third-party defendant by filing a third-party complaint against him. The very great majority of personal injury actions in which contribution is sought result either from automobile accidents (where service can be obtained on a foreign defendant by service upon his Secretary of State) or, if in other kinds of actions, then where service can be readily

---

[2]Some of the Pennsylvania decisions, notably *Shaw v. Megargee,* 307 *Pa.* 447, 161 *A.* 546, may have been influenced by the fact that in that State, additional party defendants may be forced upon an unwilling plaintiff by *Sci. Fa.* proceedings.

[3]In fact, Moore seems to treat the *Adam* case as holding that a right of action for contribution does not accrue until a judgment has been entered against the defendant or until defendant has paid all or more of the judgment against him. To the contrary in Delaware it has been held that the right of contribution, as opposed to the right to file a proceeding to enforce contribution, arises at the time of the accident. *Distefano v. Lamborn,* 7 *Terry* 195, 81 *A.* 2d 675.

made in the same state upon all joint tort-feasors. And while nothing in the law specifically prohibits separate suits to enforce the right contribution, practical reasons would discourage the practice.[4] It follows, then, that Rule 14 will be the vehicle by which the overwhelming majority of actions to enforce contribution among joint tort-feasors will be maintained. Nor, as some may argue, once a third-party defendant has been impleaded under Rule 14, does the action take on the character of a suit for personal injuries between plaintiff, third-party plaintiff and third-party defendant, for, under the Rule, plaintiff is not obligated to join third-party defendant as a party. Should he seek to do so, it must be within one year of the time the injuries were incurred or he would be barred by § 8118. *Lommer v. Scranton-Spring Brookwater Service Co., D. C.,* 3 *F. R. D.* 27.[5] And if he does not join third-party defendant as a party, he could not recover a judgment against him regardless of what turn the proof takes. Since § 8118, then, covers situations where plaintiff seeks to amend by joining third-party defendants to the main action, we need only be concerned with instances such as this where plaintiff is seeking recovery only against third-party plaintiff and the latter seeks contribution against a third-party defendant. In such a case, as I have demonstrated, the third-party

---

[4]Obviously, every normal instinct would dictate that a defendant employ the facilities of Rule 14 to join all possible joint tort-feasors and have the matter of contribution promptly and finally settled in the main action against him. But suppose he filed a separate action for contribution prior to the trial of the main suit. Certainly, the two actions would be consolidated and tried under Rule 42(a). And I can scarcely imagine him deliberately awaiting the outcome of the main suit against him and then filing an action for contribution against other joint defendants if plaintiff recovered against him. The risk of the loss of evidence from the delay would be so great as alone to render such a course impracticable. Only in a rare case could the right of contribution not be enforced under Rule 14. Thus, suppose A, resident in Delaware, and B, resident in Maryland, met in a taproom and jointly determined to pull C's chair from under him as he sat down. As a result, C is injured and sues A in Delaware. A could not implead B because he could not serve him in Maryland.

[5]This result is fair. Plaintiff has had a full year to ascertain all facts and determine what defendants he desires to sue. Moreover, it amounts to an effort to assert a cause of action against a new party—or, practically speaking, to the filing of a new suit.

claim is not for recovery for personal injuries but for contribution. With this premise in mind, it is apparent that a Statute of Limitations of one year barring "claims for \* \* \* personal injuries" is not applicable to a proceeding under Rule 14 for contribution among joint tort-feasors which is a sort of equitable action between a defendant who has paid all or more than his fair portion of a judgment for personal injuries and other joint defendants for a proration of their several liabilities among themselves.

Although the reason above stated in itself should be sufficient to support the conclusion here arrived at, yet there is another and equally important ground for holding that § 8118 does not bar the third-party claim. In this jurisdiction, an injured plaintiff may, and frequently does, wait until the day before the year subsequent to the date of his injury has elapsed before filing suit. Before defendant has even been served, a year has elapsed and he would be barred from filing a third-party claim. Thus, A, a passenger in B's car, is injured in a joint collision between automobiles driven by B and C. B is A's brother. C is a hated business rival. A waits for 364 days after his injury and institutes suit against C alone. If § 8118 were held to govern third-party claims under Rule 14, C would be powerless to seek contribution against B. It is inconceivable to me that the Legislature should purport to grant the valuable right of contribution among joint tort-feasors but, for all practical purposes, place it within the power of the original plaintiff to decide whether or not it could be exercised.

For the reasons given, I decide that § 8118, the one-year Statute of Limitations, is not applicable to third-party claims under Rule 14.

I concede, of course, that this result may not present an ideal solution to this complicated problem. Inconsistencies may arise. Certainly, some delay in the disposition of personal injury suits may result. But not only does the result here reached seem more closely to follow the legislative intent but also it

avoids the unfortunate consequence of placing it within the power of a plaintiff to deprive a third-party plaintiff of his right to claim contribution.

The plea of the Statute of Limitations is denied.