MARY T. NOVAK and MARTIN A. NOVAK, Plaintiffs, v. FRANCIS W. TIGANI and DELAWARE STEEPLECHASE & RACE ASSOCIATION, a corporation of the State of Delaware, Defendants, DELAWARE STEEPLECHASE & RACE ASSOCIATION, a corporation of the State of Delaware, Third Party Plaintiff, v. WALTER J. HIGGINS and MATTHEW J. MURRAY, partners, doing business under the name and style of Olympic Parking Service, Third Party Defendants.

(*November* 17, 1954.)

LAYTON, J., sitting.

*Herbert L. Cobin* for Delaware Steeplechase and Race Association, Third Party Plaintiff.

*William H. Bennethum* (of Morford and Bennethum) for Olympic Parking Service, Third Party Defendant.

Superior Court for New Castle County, No. 1237, Civil Action, 1953.

LAYTON, J.:

■ Olympic argues that the first cause of action should be dismissed for two reasons. First, it contends that it is an invalid attempt to substitute it as a party in place of Steeplechase. In *Ingerman v. Bonder*, 7 *Terry* 99, 77 *A*. 2d 591, it was held that a third-party plaintiff could not implead a third-party defendant upon the theory that the latter was alone liable to the original plaintiff and, thus, substitute an entirely new party in the proceeding. But this is not such a case. Third-party plaintiff here, while it denies liability to the original plaintiff, nevertheless, brings in third-party defendant upon the theory that it is liable, not to the original plaintiff, but to third-party plaintiff.

Olympic's first contention is without merit but it also argues that this is a situation where contribution is not being sought because Steeplechase has denied all liability to Novak. From this, Olympic argues that there are no tort feasors jointly liable among whom contribution can be assessed. If Olympic's position were sound, contribution among joint tort feasors would not be possible if the third-party plaintiff, in his capacity as defendant, denied liability to the original plaintiff. Or, to state it differently, the original defendant would have to admit at least part of the main plaintiff's claim before he could implead a third-party defendant. This argument is not persuasive and is dismissed.

Finally, as the second cause of action Olympic moves to dismiss because Steeplechase's claim against it is based upon an indemnity agreement. Steeplechase has cited a long list of decisions in which Courts have permitted impleading based upon contracts of indemnity[3] but Olympic attempts to distinguish these cases by showing that they were subrogated cases and not, as this, growing out of an independent contract. *Moore, Federal Practice*, Vol. 3, Sec. 14.10, p. 423, flatly contradicts Olympic's position. On this point, Prof. Moore says:

---

[3]For instance, *Glens Falls Indemnity Co. v. Atlantic Bldg. Corp.*, 4 *Cir.*, 199 *F.* 2d 60.

"The obvious case for impleader, of course, is the one in which the third-party defendant, E. F., is bound by contract to indemnify the defendant (third-party plaintiff), C. D., against the liability on which he is sued by the plaintiff, A. B. If the claim which A. B. is asserting against C. D. is within the scope of E. F.'s agreement to indemnify, E. F. can of course be brought in immediately. But even if the agreement is only to indemnify against loss, E. F. can be impleaded, since the effect of impleader practice is to accelerate liability. It is immaterial that E. F.'s alleged liability is based on a contract unrelated to the cause of action forming the basis of the plaintiff's claim."

The law seems to be that impleader is permissible in spite of a difference in the "* * * legal nature of the claims of the plaintiff and third-party plaintiff, where a 'single group or aggregate of operative facts' was involved." *Moore*, Vol. 3, Sec. 14.07, p. 418.

It is my opinion that the facts of this case bring it reasonably within the scope of Rule 14, *Superior Court Rules, Del. C. Ann.* The motion to dismiss is denied.

