MARY T. NOVAK and MARTIN A. NOVAK, Plaintiffs, v. FRANCIS W. TIGANI and DELAWARE STEEPLECHASE & RACE ASSOCIATION, a corporation of the State of Delaware, Defendants,

DELAWARE STEEPLECHASE & RACE ASSOCIATION, a corporation of the State of Delaware, Third-Party Plaintiff, v. WALTER J. HIGGINS and MATTHEW J. MURRAY, partners, doing business under the name and style of OLYMPIC PARKING SERVICE, Third-Party Defendants.

(*December* 16, 1954.)

HERRMANN, J., sitting.

*William Prickett* for the defendant Francis W. Tigani.

*Herbert L. Cobin* for the defendant Delaware Steeplechase & Race Association.

Superior Court for New Castle County, No. 1237, Civil Action, 1953.

HERRMANN, J.:

The plaintiffs brought this action for personal injuries alleged to have been caused by the negligences of the defendants Francis W. Tigani (hereinafter called "Tigani") and Delaware Steeplechase & Race Association (hereinafter called "Steeplechase"). The plaintiffs allege in their complaint that they were business invitees at the race track operated by Steeplechase and that they had left the track enclosure to enter the parking lot adjacent to the track; that the parking area was enclosed by a rope suspended from metal standards; that the rope was slack so that it was only two inches above the ground at the point where the plaintiff Mary T. Novak attempted to step over it; that as she did so, the rope was struck by Tigani's automobile and, as a result thereof, the rope became taut, struck Mrs. Novak and threw her to the ground.

Steeplechase impleaded as third-party defendants Walter J. Higgins and Matthew J. Murray, partners doing business as Olympic Parking Service (hereinafter called "Olympic"). Steeplechase alleged that Olympic had a parking concession under a written contract with Steeplechase under the provisions of which Olympic operated and controlled the parking area at which the accident occured. The third-party complaint asserts (1) right to contribution under the *Uniform Contributions Among Tortfeasors Law,* 10 *Del. C.* § 6301 *et seq.,* and (2) an indemnification agreement between Steeplechase and Olympic.[1]

Tigani now seeks to implead Olympic as a third-party defendant in order to assert his claim against Olympic for contribution under the *Tortfeasors Law.* To that end, Tigani moves to sever the plaintiffs' claim against him from the plaintiffs' claim against Steeplechase. See Civil Rule 21, *Del. C. Ann.* Tigani states that he is obliged to seek severance because Civil Rule 14(a), governing third-party practice, provides that a third-party complaint may only be served upon a "person not a party to the action".[2] It is Tigani's position that Civil Rule 14(a) does not permit him to implead Olympic in the present action because Olympic's status, as third-party defendant to Steeplechase's complaint, is the status of a "party to the action", within the meaning of that phrase as used in the first sentence of Civil Rule 14(a). Tigani suggests that, under these circumstances, the only practical solution to the problem is to sever the actions so that Tigani may be able to implead Olympic in the severed action against him and that the actions may there-

---

[1]See *Novak v. Tigani, etc.,* 10 *Terry* 75, 109 *A.* 2d 574.

[2]Civil Rule 14 provides, in part, as follows:

"(a) When Defendant May Bring in Third Party. Before the service of his answer, a defendant may move *ex parte* or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve process and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * * A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant."

after be consolidated for further proceedings. Steeplechase does not deny Tigani's right to assert a claim for contribution against Olympic but it contends that a proper construction of Civil Rule 14(a) would permit Tigani to do so directly under the Rule, without severance.

■ The statutory right to assert a claim for contribution against Olympic must be accorded to Tigani. Unless a *modus operandi* is found under our Rules, however, Tigani will be relegated to a new and separate action against Olympic for contribution if the plaintiffs recover a judgment against him. This would mean circuity of action and multiplicity of suits, the avoidance of which is the primary purpose of Civil Rule 14. See *Goldsberry v. Frank Clendaniel, Inc., etc. (Zinc Third-Party Defendant)*, 10 *Terry* 69, 109 *A.* 2d 405; 1 *Baron and Holtzoff, Federal Practice and Procedure*, § 422; 3 *Moore's Federal Practice* (2d Ed.), § 14.04.

Accordingly, if reasonable construction of Rule 14(a) permits, the Court should find within the scope of that Rule the method of permitting Tigani to assert his claim for contribution against Olympic in this action, directly and without detour via Civil Rule 21 or via any other Rule.

■ I am unwilling to conclude that the authors of Civil Rule 14, and of Rule 14 of the Federal Rules of Civil Procedure, 28 *U. S. C. A.*, from which our Rule was taken, intended the circuitous and awkward method of serverance, third-party action and consolidation to which Tigani thinks he must resort. Rule 1 requires that Rule 14 be construed so as "to secure the just, speedy and inexpensive determination of every proceeding". In the light of that fundamental Rule, I am of the opinion that the phrase "party to the action", as it appears in the first sentence[3] of Civil Rule 14(a), should be construed to mean party to the

---

[3]It is noted that the construction of the phrase "party to the action", as it appears in the last sentence of Civil Rule 14(a), is beyond the scope of this Opinion.

*original* action only. No reason or authority has come to my attention to militate against such construction and I believe it to be in accord with the spirit and purpose of Rule 14. Compare *Sporia v. Pennsylvania Greyhound Lines.*, 3 *Cir.*, 143 *F.* 2d 105; 3 *Moore's Federal Practice* (2d Ed.), § 14.14.

Since Olympic is not a party to the original action, leave will be granted to Tigani, as third-party plaintiff, to serve process and complaint upon Olympic under Civil Rule 14(a). Having expressed his natural preference for the better procedure if attainable, counsel for Tigani will be granted leave to withdraw the motion for severance.