ARROWHEAD ELECTRIC, INC., a corporation, Defendant, Cross-Defendant and Third Party Plaintiff,

v.

WESTINGHOUSE ELECTRIC SUPPLY COMPANY, a Delaware corporation, a division of Westinghouse Electric Corporation, a Pennsylvania corporation, Third Party Defendant.

No. 5–61–Civ.–11.

United States District Court
D. Minnesota,
Fifth Division.
June 9, 1961.

UNITED STATES of America, for the use and benefit of WESTINGHOUSE ELECTRIC SUPPLY COMPANY, a Delaware Corporation, a division of Westinghouse Electric Corporation, a Pennsylvania corporation, Plaintiff,

v.

Louis NICHOLAS and Robert T. Cross, partners, dba Nicholas Construction Co., St. Paul Fire & Marine Insurance Co., a corporation, and Arrowhead

M. L. Culhane, Minneapolis, Minn., for plaintiff Westinghouse Electric Supply Co.

Loren W. Sanford, Duluth, Minn., for Arrowhead Electric, Inc.

DEVITT, Chief Judge.

This is a motion to vacate and set aside this Court's order entered March 29, 1961, making Westinghouse a third-party defendant to this action.

The controversy arises as the result of a contract entered into on April 23, 1959 between defendant Nicholas Construction Company (Nicholas) and the United States for the construction of a radar installation at Grand Rapids, Minnesota. Jurisdiction is based on 40 U.S.C.A. § 270b.[1]

On May 25, 1959, subsequent to the contract between Nicholas and the United States, Arrowhead Electric, Inc. (Arrowhead) entered into a written subcontract with Nicholas to supply certain materials and labor in the manner and at the time specified in the contract. Thereafter, during the period June 5, 1959 to December 16, 1959, Arrowhead ordered and received from plaintiff Westinghouse certain materials with a value of $37,952.

Arrowhead has not paid $21,795 of that amount claiming that Westinghouse knew of the required contract completion date and that Westinghouse failed to deliver the materials at the time agreed in its contract with Arrowhead. This action by Westinghouse is against Nicholas, its surety, St. Paul Fire & Marine Insurance Co., and Arrowhead to recover the $21,795 balance on the contract.

Arrowhead counterclaimed against plaintiff Westinghouse, and defendants Nicholas and Arrowhead cross-claimed against each other under Rule 13(g), Fed.R.Civ.P., 28 U.S.C.A.[2]

In its cross-claim, Nicholas claims (1) indemnity for any judgment rendered against it on behalf of Westinghouse for the value of the materials and (2) for $90,000 general and special damages due to late performance by Arrowhead. It is the second part of Nicholas' cross-claim against Arrowhead, for $90,000 in damages, that forms the crux of the controversy on this motion. Subsequently, contending that the delayed delivery of material by Westinghouse was the sole cause of its delayed performance to Nicholas, and that Westinghouse was liable to Arrowhead for any damages recovered of

[1] "§ 270b. Same; rights of persons furnishing labor or material

"(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him:
* * *

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him. The United States shall not be liable for the payment of any costs or expenses of any such suit."

[2] "(g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

Arrowhead by Nicholas, Arrowhead impleaded plaintiff Westinghouse as a third-party defendant to the cross-claim of Nicholas against Arrowhead.

Westinghouse contends that since it is the original plaintiff in this action, it cannot be joined as a third-party defendant under the express provisions of Rule 14(a), Fed.R.Civ.P. 28 U.S.C.A.[3] Westinghouse argues that the suggested form for a summons in a third-party action set out in Form 22[4] of the Federal Rules Appendix, 28 U.S.C.A. shows that both an answer to the third-party complaint and the original complaint are contemplated and thus, the illogical result of that situation would have third-party defendant Westinghouse answering its own complaint.

Arrowhead asserts that it recognizes that the correct method to proceed against a person already a party to the action is by way of counterclaim or cross-claim. See 1A Barron & Holtzoff, "Federal Practice & Procedure," page 675. Arrowhead argues, however, that it cannot cross-claim against Westinghouse because Westinghouse is an adverse party —not a co-party.[5] It also states that while it has counterclaimed against plaintiff Westinghouse for the same claim asserted in the third-party action, such counterclaim may not be an appropriate pleading because the claim asserted is not matured. See 1A Barron & Holtzoff, "Federal Practice & Procedure", page 676. Consequently, Arrowhead contends that unless Westinghouse can be impleaded as a third-party defendant to the Nicholas cross-claim, Arrowhead will have to start a separate action. Arrowhead's

principal contention is that the cross-claim of Nicholas for damages against it is related to the main action but is an additional and separate action and that, since Westinghouse is not a party to that action, it may be impleaded as a third-party defendant to that action.

It is my view that Arrowhead should be allowed to implead Westinghouse as a third-party defendant in this case.

Rule 14(a) expressly prohibits serving a third-party complaint on a person already a party to the action. However, in one situation at least, the courts have allowed impleader by the circuitous route of separation and then consolidation. See Sporia v. Pennsylvania Greyhound Lines, Inc., 3 Cir., 1944, 143 F.2d 105; Smith v. Brown, D.C.Pa.1955, 17 F.R.D. 39; Chevassus v. Harley, D.C.Pa.W.D. 1948, 8 F.R.D. 410. These cases generally concern the situation where a co-plaintiff driver of a car and a co-plaintiff passenger sue the defendant (other driver) for damages and the defendant wants to implead the plaintiff-driver as a third-party defendant to plaintiff-passenger's claim. The courts' solution to the problem is stated in 1A Barron & Holtzoff, Federal Practice & Procedure 676, as follows:

"* * * The answer which has been worked out by the courts which have considered the problem is to use the broad power of severance given by the final sentence of Rule 21, and to sever the claim of the plaintiff-passenger from that of the plaintiff-driver. Then, since the latter is no longer a party to the passenger's claim, he meets the test of Rule 14

3. "(a) When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint *upon a person not a party to the action* who is or may be liable to him for all or part of the plaintiff's claim against him." (Emphasis supplied.)

4. "You are hereby summoned and required to serve upon . . ., plaintiff's attorney whose address is . . ., and upon . . ., who is attorney for . . . defendant and third-party plaintiff, and whose address . . ., an *answer to the third-party complaint,* which is herewith served upon you, and *an answer to the complaint of the plaintiff* . . ."

5. See Footnote 2.

(a) and may be impleaded. To add a final fillip, the leading opinion on this suggests that after the severance and impleader have taken place, it will be permissible to consolidate the two actions again for purposes of trial, so that the advantage of clearing up related matters in one suit will not be lost. It may be suggested that the literal reading of Rule 14(a) which requires this involved procedure fails to take sufficient account of the mandate of Rule 1, calling for construction of the rules so as to secure the just, speedy and inexpensive determination of every action. Since the result can be achieved in any event by the complicated process of severance followed by consolidation, there is much to be said for the decision of a state court, interpreting similar rules, which simply allowed the impleader of the driver as a third-party defendant to the passenger's claim without going through the ritual that a literal interpretation requires."

It does not appear that severance would be available to Arrowhead in this action but, in any event, I agree with the Court's reasoning in Novak v. Tigani, 1954, 49 Del. 106, 10 Terry 106, 110 A.2d 298, 299 the State Court decision cited in the quote from Barron & Holtzoff, when it said:

"I am unwilling to conclude that the authors of Civil Rule 14, and of Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., from which our Rule was taken, intended the circuitous and awkward method of severance, third-party action and consolidation to which Tigani thinks he must resort. Rule 1 requires that Rule 14 be construed so as 'to secure the just, speedy and inexpensive determination of every proceeding'. In the light of that fundamental Rule, I am of the opinion that the phrase 'party to the action', as it appears in the first sentence of Civil Rule 14(a), should be construed to mean party to the *original* action only. No reason or authority has come to my attention to militate against such construction and I believe it to be in accord with the spirit and purpose of Rule 14. * * "

I conclude that under the spirit of the Rules, the cross-claim of Nicholas should not be construed to be the original action. It is, in my opinion, a separate action, albeit related, and since Westinghouse is not a party to that action, Arrowhead should be permitted to implead Westinghouse as a third-party defendant. If Nicholas had initiated an independent action against Arrowhead for these damages, Arrowhead, of course, could have impleaded Westinghouse as a third-party defendant.

I am not impressed with Westinghouse's contention that it will be prejudiced if impleaded as a third-party defendant. Westinghouse will merely have to defend against the action brought by Arrowhead, the same as if it were brought in an independent action.

The motion is denied.