PER CURIAM.
The appeals in the above consolidated cases are from summary final judgments entered in favor of the respective appellees on the appellants’ cross-claims for contribution and indemnity. The sole basis for the entry of these summary final judgments was that these cross-claims had lost all vitality after the defendants/cross-claimants (Maulé Industries, Inc.; its insurer, Insurance Company of North America; Western Knapp Engineering Company; and Universal Engineering Corporation) had obtained summary judgments in their favor against the original plaintiffs. Because the actions of the original plaintiffs have been reinstated by the subsequent reversal of the summary judgments against them, see Perez v. Maule Industries, Inc., 421 So.2d 515 (Fla.1982), quashing Perez v. Maule Industries, Inc., 411 So.2d 960 (Fla. 3d DCA 1982); Perez v. Universal Engineering Corp., 413 So.2d 75 (Fla. 3d DCA 1982), remanded, 451 So.2d 463 (Fla.1984); and Valdes v. Western Knapp Engineering Co., 382 So.2d 1371 (Fla. 3d DCA 1980), the cross-claims of the once-again exposed defendants likewise must be reinstated by the reversal of the instant summary judgments.
We reject Universal Engineering Corporation’s separate contention that because the summary judgments entered in its favor against two of the original plaintiffs, Lopez and Valdes, were not appealed, the cross-claims for contribution against Universal as to those cases (Nos. 80-362, 80-366, 80-395, 80-403, 80-406 and 80-408) cannot be reinstated. Universal has overlooked that the summary judgments in its favor against these plaintiffs were based solely on a statute of limitations ground, and thus have no res judicata effect on any cause of action for contribution against it. The inaction of an injured party against one tortfeasor simply will not defeat a later accruing claim for contribution against that tortfeasor. Keleket X-Ray Corp. v. United States, 275 F.2d 167 (D.C.Cir.1960). See Schott v. Colonial Baking Co., 111 F.Supp. 13 (W.D.Ark.1953); Goldsberry v. Frank Clendaniel, Inc., 49 Del. 69, 109 A.2d 405 (Del.Super.Ct.1954); Showell Industries, Inc. v. Holmes County, 409 So.2d 78 (Fla. 1st DCA 1982); McGlone v. Corbi, 59 N.J. 86, 279 A.2d 812 (1971).
Reversed and remanded.