# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DESHONG & SONS CONTRACTORS,
INC., by itself and through PENN
NATIONAL INSURANCE, as subrogee,

    Plaintiffs,

    v.

WALLWORKS, INC., DONEGAL
MUTUAL INSURANCE COMPANY,
and ATLANTIC STATES INSURANCE
COMPANY, a subsidiary of Donegal
Insurance Company,

    Defendants.

WALLWORKS, INC.,

    Third-Party Plaintiff,

    v.

DOUGHERTY & CONRAD
INSURANCE SERVICES n/k/a
DOUGHERTY & COMPANY,

    Third-Party Defendant.

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

C.A. No. N20C-12-064 CEB

Submitted: August 26, 2024
Decided: October 23, 2024

## MEMORANDUM OPINION
*Upon Third-Party Defendant Dougherty & Company's Motion to Dismiss*
**DENIED.**

Krista M. Reale, Esquire, MARGOLIS EDELSTEIN, Wilmington, Delaware,
Attorney for Third-Party Plaintiff.

Aaron E. Moore, Esquire, MARSHALL DENNEHEY, P.C., Wilmington, Delaware. Attorney for Third-Party Defendant.

**BUTLER, R.J.**

## INTRODUCTION

This is the Court's decision on the motion of Third-Party Defendant Dougherty & Company, n/k/a Dougherty & Conrad Insurance Service ("Dougherty"), to dismiss the third-party complaint filed by Defendant Wallworks, Inc. ("Wallworks"). For the following reasons, the motion is denied.

## BACKGROUND

### 1. Deshong and Wallworks dispute whether Deshong was covered by Wallworks' commercial general liability policy.

Plaintiff Deshong & Sons, Inc. ("Deshong") had a construction contract to build a Wawa store in Hockessin, Delaware. Deshong hired Wallworks for a portion of the work. As a part of the Deshong/Wallworks agreement, Wallworks was required to carry certain insurance and to indemnify Deshong for all losses caused by Wallworks' work at the site and to name Deshong as an additional insured. Several key issues are in dispute, including: 1) whether Deshong is an additional insured under the insurance policy; 2) whether the insurance that was placed through Dougherty was the insurance required by the Deshong/Wallworks agreement.

Dougherty produced a "Certificate of Insurance" ("COI") identifying Defendant Atlantic States Insurance Company ("Atlantic Insurance") as the

insurance carrier.[1] The COI, apparently prepared by Dougherty, indicated that the insurance was "primary" and "non-contributory," terms that may be significant later on.[2]

An employee of Wallworks suffered a serious injury on the jobsite and sued Deshong in the Court of Common Pleas in Philadelphia.[3] Deshong notified Wallworks and Atlantic Insurance of the lawsuit, but Atlantic Insurance refused to defend. Armed with an opinion from coverage counsel, Atlantic Insurance took the position that the insurance policy did not require Atlantic Insurance to defend or indemnify Deshong. Ultimately, Deshong and its own insurer, Penn National, settled the Philadelphia lawsuit with Wallworks' employee for a substantial sum. Deshong then filed this lawsuit seeking contribution and/or indemnification from Wallworks and/or Atlantic Insurance for the settlement amount.

Atlantic Insurance has taken the position that the insurance carried by Wallworks was not "first party" insurance benefitting Deshong. Rather, Atlantic

---

[1] D.I. 144 (Wallworks Inc.'s Third-Party Compl.), Trans ID 71634691 (Dec. 15, 2023) ¶ 7 [hereinafter Third-Party Compl.].

[2] *Id.* ¶¶ 7-8.

[3] It is unclear at this point whether the exact cause of the employee's injuries is relevant. But certainly the employee would be limited in his rights against his employer, Wallworks, by virtue of the exclusive remedy provisions of the Delaware Worker's Compensation Statute. *See* 19 *Del. C.* § 2304.

Insurance maintains that the policy was secondary, "excess" insurance, triggered only when the primary carrier's liability coverage was exceeded. Whether Atlantic Insurance's position is correct remains at issue, as Deshong has a pending motion seeking a ruling that Wallworks' policy is, in fact, primary insurance. Notwithstanding, Deshong has taken the alternative position that if the insurance purchased by Wallworks is not primary insurance benefitting Deshong, then Wallworks breached the subcontract by failing to ensure Deshong was fully covered.

### 2. Wallworks files a third-party complaint against Dougherty.

Wallworks has now named Dougherty as a third-party defendant. Wallworks claims that it is entitled to contribution and/or indemnification from Dougherty for placing the wrong insurance with Atlantic Insurance. Dougherty is also faulted for failing to name Deshong as an additional insured and for issuing a COI that mis-identified the policy as "primary non-contributory."[4]

Dougherty, a company based in the Philadelphia suburbs, initially moved to dismiss, arguing that Delaware could not assert personal jurisdiction over the brokerage. The Court heard argument on that motion and asked the parties for additional briefing on the somewhat intriguing question of personal jurisdiction over insurance brokers that insure activities in other states. But rather than further

---

[4] Third-Party Compl.¶ 7.

articulate its basis for believing that Delaware lacked personal jurisdiction, Dougherty's second round of briefing conceded the question of personal jurisdiction[5] and instead moved to dismiss on the grounds to be dealt with here.

## ISSUES RAISED

Wallworks' third-party complaint, fairly read, is that Dougherty, as agent for Wallworks, was told (or perhaps shown) what terms Deshong wanted in the contract of insurance that was required in the Deshong/Wallworks agreement, and Dougherty failed to place insurance as per the contract terms. This meant Deshong was not held harmless as required by the subcontract and was liable for substantial sums in personal injury damages that Wallworks' insurer, Atlantic Insurance, should have responded to. Further, Dougherty failed to have Deshong named as an additional insured as per the contract.[6] Finally, Dougherty issued a "COI" incorrectly identifying the policy as "primary" and "non-contributory," but in fact it was not.[7]

Assuming, as we must at this stage of the case, that all of this is true, Dougherty presents four arguments in its motion to dismiss: 1) that Dougherty

---

[5] D.I. 166 (Opening Br. in Support of Mot. to Dismiss), Trans ID 73665647 (July 15, 2024) at 1 [hereinafter Opening Br. in Support of Mot. to Dismiss].

[6] D.I. 130 (Third Amended Compl.), Trans ID 71472479 (Nov. 22, 2023) ¶¶ 12-14 [hereinafter Third Amended Compl.].

[7] Third-Party Compl. ¶¶ 7-8.

cannot be liable to Wallworks for contribution and/or indemnification because Dougherty is not a "joint tortfeasor" with Wallworks;[8] 2) that a negligent procurement claim cannot be asserted as a third-party claim because third-party claims cannot be raised independent of a contribution claim;[9] 3) if this is a negligent procurement claim, then it is time barred;[10] 4) to the extent Wallworks' claim is one for negligent misrepresentation, the Court of Chancery has exclusive jurisdiction over negligent misrepresentation claims and this Court lacks jurisdiction.[11]

## STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the standard for review is well known:

> [T]he Court (1) accepts as true all well-pleaded factual allegations in the complaint; (2) credits vague allegations if they give the opposing party notice of the claim; (3) draws all reasonable factual inferences in favor of the non-movant; and (4) denies dismissal if recovery on the claim is reasonably conceivable.[12]

---

[8] Opening Br. in Support of Mot. to Dismiss at 6-11.

[9] *Id.* at 11-12.

[10] *Id.* at 12-15.

[11] D.I. 169 (Reply. Br.), Trans. ID 74147644 (Aug. 26, 2024) at 6-7 [hereinafter Reply. Br.].

[12] *Grottenthaler v. SVN Med, LLC*, 2022 WL 17249642, at *2 (Del. Super. Nov. 28, 2022) (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011)).

6

Granting a motion to dismiss is inappropriate, except where "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[13] The inquiry in a motion to dismiss is "whether there is a possibility of recovery."[14] But the Court need not "accept conclusory allegations unsupported by specific facts or . . . draw unreasonable inferences in favor of the non-moving party."[15]

## ANALYSIS

1. **Rule 14 is not limited to joint tortfeasor liability cases.**

Dougherty argues that "Rule 14 does not permit a joinder of a third-party for a direct claim involving negligent conduct to the third-party plaintiff, and not the plaintiff as a joint tortfeasor."[16]  This assertion requires critical review.

Deshong alleges that Wallworks breached the subcontract by failing to secure the proper insurance and further, that Wallworks was negligent in that it improperly

---

[13] *Ryle v. Outen*, 2024 WL 66022, at *2 (Del. Super. Jan. 5, 2024), *aff'd*, No. 28, 2024, 2024 WL 4285431 (Del. Sept. 24, 2024) (quoting *Unbound Partners Ltd. Partnership v. Invoy Holdings Inc.,* 251 A.3d 1016, 1023 (Del. Super. 2021)).

[14] *Middlecap Assocs., LLC v. Town of Middletown*, 2023 WL 6848999, at *2 (Del. Super. Oct. 16, 2023) (quoting *Garfield v. BlackRock Mortg. Ventures, LLC*, 2019 WL 7168004, at *7 (Del. Ch. Dec. 20, 2019)).

[15] *Bovell v. Harrison*, 2023 WL 4105410, at *2 (Del. Super. June 20, 2023) (quoting *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011), *overruled on other grounds by Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018)).

[16] Opening Br. in Support of Mot. to Dismiss at 7.

represented to Deshong that Deshong was covered as a primary insured.[17] That representation was Dougherty's representation initially, propounded by Dougherty and then repeated by Wallworks.[18] Deshong alleges that this misrepresentation, made by both Wallworks and Dougherty, caused Deshong damages for which it seeks compensation.[19] Dougherty and Wallworks were, in this sense, "joint tortfeasors" – two tortfeasors causing one injury – that caused Deshong's exposure to liability without the bargained for insurance coverage. Deshong has a "direct" claim against Wallworks, and Wallworks has a "direct" claim against Dougherty.

It is correct that Deshong also has a breach of contract claim against Wallworks in that failing to secure the coverage called for in the subcontract was a breach of the subcontract. Deshong was not a contracting party with Dougherty. But privity of contract is not necessary to support a third-party complaint under Rule 14.[20]

---

[17] Third Amended Compl. ¶¶ 15-20.

[18] Opening Br. in Support of Mot. to Dismiss at 3-4.

[19] Third Amended Compl. ¶¶ 18-19.

[20] *Guardian Const. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378, 1387 (Del. Super. 1990) (negligent misrepresentation claims may be raised despite lack of privity).

Rule 14 permits any party to join "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."[21] Deshong is suing Wallworks for, *inter alia,* failing to secure first-party insurance on its behalf. That is part of the plaintiff's claim against the third-party plaintiff.

Dougherty's motion to dismiss makes much of the Delaware Contribution Among Tortfeasors Act ("DCATA"). The DCATA defines a "joint tortfeasor" as "2 or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them."[22] DCATA does not require that the two or more persons have acted in concert or even with the same motives.[23] Rather, DCATA requires only that the two

---

[21] Super. Ct. Civ. R. 14(a). "The purpose of Rule 14 is to provide an efficient means for resolving multiple claims arising from a single set of facts." CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE §1442, at 291 (2d ed. 1990); *see also Novak v. Tigani*, 110 A.2d 298, 299 (Del. Super. 1954) (citing *Goldsberry v. Frank Clendaniel, Inc.*, 109 A.2d 405, 407-08 (Del. Super. 1954)) (noting the primary purpose of rule is to avoid circuity of action and multiplicity of suits); *State ex. rel. Building Comm'n v. Wood*, 173 A.2d 327, 332 (Del. Super. 1961) (citing 3 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 14.04 (2d ed. 1955)) (observing third-party practice has general purpose of preventing inconsistent verdicts based on similar evidence on identical issues).

[22] 10 *Del. C.* § 6301.

[23] "[W]hen the negligent acts of two or more persons concur in producing a single indivisible injury, such persons are jointly and severally liable, though there was no common duty, common design, or concerted action." *Leishman v. Brady*, 3 A.2d 118, 120 (Del. Super. 1938) (citing 1 COOLEY ON TORTS § 86).

9

actors have caused one injury.[24] DCATA sorts out how the actors are to apportion the loss between them when some tortfeasors settle and others do not. DCATA is not a procedural rule of third-party practice; Rule 14 is.

Dougherty argues that it cannot be added as a third-party defendant because Wallworks' complaint is different from the one asserted by Deshong against Wallworks: "the legal relationship between Deshong and all defendants is not the same."[25] Dougherty says, "There must be joint and several liability, rather than joint or concurring negligence in order for there to be contribution." [26] But in this motion to dismiss, the issue is whether Dougherty can be named as a third-party defendant under Rule 14, not whether the liability is joint, several, or concurring. Dougherty's argument confuses the difficulties surrounding contribution under the DCATA with the right to bring a third-party complaint under Rule 14. Rule 14 permits the third-party plaintiff to assert *any* claim upon which the third-party defendant may be found

---

[24] "[W]hen the negligent acts of two or more persons concur in producing a single indivisible injury, such persons are jointly and severally liable, though there was no common duty, common design, or concerted effort." *O'Rangers v. Cadia Rehab. Silverside*, 2019 WL 1531520, at *5 n.32 (Del. Super. Apr. 8, 2019) (quoting *Campbell v. Robinson*, 2007 WL 1765558, at *2 (Del. Super. June 19, 2007)).

[25] Opening Br. in Support of Mot. to Dismiss at 9 (citing *Johnson v. Preferred Pro. Ins. Co.*, 2014 WL 4792962, at *3 (Del. Super. Sept. 25, 2014)).

[26] *Id.* (citing *Rodgers v. Erickson Air-Crane Co. L.L.C.*, 2000 WL 1211157, at *11 (Del. Super. Aug. 17, 2000)).

liable for all or part of plaintiff's loss.[27] The contribution rules under DCATA are not before the Court on a motion to dismiss.

Dougherty finally argues that it owed no duty of care to Deshong. But again, that is not the issue. If Deshong were suing Dougherty directly under a third-party beneficiary theory or some such, there might be more to discuss, but those arguments are not before the Court.

> 2. **To the extent this is a negligent procurement claim, it may be asserted in a third-party complaint.**

Dougherty says that even if this claim can be brought under Rule 14, a negligent procurement claim cannot because "only" contribution claims can be asserted in a third-party complaint.[28] Exactly where this novel theory comes from is a mystery. No authority is cited.

Dougherty argues that to the extent this is actually a claim for negligent procurement of insurance, the only parties to such a dispute would be Wallworks and Dougherty, not Deshong. Fair enough. But in this third-party complaint, Deshong is not a party: Wallworks is the plaintiff, and Dougherty is the defendant.

---

[27] "The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." *Goldsberry*, 109 A.2d at 406.

[28] Opening Br. in Support of Mot. to Dismiss at 11-12.

11

Dougherty goes on to argue that since Deshong cannot assert a negligent procurement claim against Dougherty, then neither can Wallworks, at least in this lawsuit. Apparently, Dougherty believes this point is self-evident. It is not.

Whether Deshong can assert a negligent procurement claim is not the issue before the Court. The third-party claim is that if Wallworks misrepresented the insurance to Deshong, it is because Dougherty misrepresented it to Wallworks. Naturally, all of this remains to be seen through discovery and/or trial.

3. **A ruling on the statute of limitations for negligent procurement requires a more complete factual record and cannot be decided on this motion to dismiss.**

Dougherty argues that to the extent Wallworks is making a claim for negligent procurement of insurance, it was not filed within two years of placement, the Pennsylvania statute of limitations for torts. Alternatively, Dougherty argues that it was not filed within three years, Delaware's limitations period for torts. Wallworks responds that this is really an action for contribution, and the "claim" does not mature until judgment is entered against Wallworks, and Wallworks pays out on the claim. Only at that point does the cause of action accrue.

As to Wallworks' argument that this is a contribution claim, it is noted that Deshong settled the personal injury claim at the bottom of this dispute on September 15, 2021, and Wallworks filed the third-party suit on December 15, 2023, less than

12

three years after Deshong's liability was certain. Whether these dates are conclusive or whether Wallworks' claim is actually a contribution claim we need not determine here. For present purposes, it is enough to say there are factual issues afoot that require discovery and preclude dismissal.

Dougherty points the Court to the Supreme Court's decision in *Kaufman v. C.L. McCabe & Sons*,[29] a negligent procurement case in which the Court ruled that the statute of limitations began to run from the time the policy was delivered to the insured. But the *Kaufman* Court recognized a limited exception to this rule. The "time of discovery" may control the running of the statute where the defect in the policy was "inherently unknowable" and "sustained by a 'blamelessly ignorant plaintiff.'"[30] It is significant that *Kaufman* was a review of a decision on summary judgment, after a full discovery record had been developed.[31]

In this case, Dougherty argues that the policy became "active" and was delivered to Wallworks on July 1, 2016, which is the date on the "declarations page" of one of the policy periods.[32] This fact, outside the record on a motion to dismiss,

---

[29] *Id.* at 13-14 (quoting 603 A.2d 831, 835 (Del. 1992)).

[30] *Kaufman*, 603 A.2d at 835 (quoting *Isaacson, Stolper & Co. v. Artisans' Sav. Bank*, 330 A.2d 130, 133 (Del. 1974)).

[31] *Id.* at 832.

[32] Opening Br. in Support of Mot. to Dismiss at 15.

may or may not be relevant to when Wallworks was on notice that the policy written was insufficient to suit the contract between Deshong and Wallworks.

The Court has been shown no material on construction industry practices at all, or the practices between Dougherty and Wallworks in particular. It is quite unclear whether and when Wallworks knew that the insurance policy in question was deficient vis-à-vis the subcontract. This is understandable on a motion to dismiss, but again illustrates why the issue presented is unsuited to resolution at this early stage of the pleadings.

The "time of discovery" exception, recognized in *Kaufman*, may toll the statute of limitations. The "COI" that identified the policy as "primary" and "non-contributing" was issued by Dougherty. There are no facts in the record before the Court as to when the COI was generated, or why, or who saw it, or what duties attached when it was delivered, or even if it ever was delivered. The *Kaufman* case did not need to consider a misrepresentation by the broker concerning the coverage under the policy.

In addition to the substantive problems with Dougherty's arguments, Dougherty must also overcome a significant procedural hurdle. Rule 12(b)(6) provides that when a party seeking dismissal argues matters outside the pleadings, "the motion shall be treated as one for summary judgment and disposed of as

provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[33] The "pertinent materials" for a motion for summary judgment include the discovery that has been taken or needs to be taken. The record – at least the record before the Court – on the creation, execution, and delivery of the policy in question is non-existent.

Dougherty may have a winning argument that the statute of limitations has limited or eliminated any claims against it. So far as the Court can determine, there has been no discovery taken on this subject. Therefore, the Court will deny the motion to dismiss on statute of limitations grounds without prejudice to Dougherty raising the limitations period on a motion for summary judgment once discovery is completed.

4. **Resolution of a contested jurisdictional issue is not well served by considering an argument only raised for the first time in a reply brief.**

As noted above, the briefing on this motion to dismiss is not the same briefing on personal jurisdiction the Court expected. Dougherty switched tack and chose the issues above in its opening brief. In its answering brief, Wallworks raised the question whether Dougherty might be liable to Deshong on a third-party beneficiary theory. Because the Court has determined that the complaint survives a motion to

---

[33] Super. Ct. Civ. R. 12(c).

dismiss, we need not concern ourselves further, but it does highlight how "fluid" the parties' positions are in this dispute.

In its reply brief, Dougherty argues for the first time that one of Wallworks' claims is for negligent misrepresentation that may only be heard in the Court of Chancery.[34] Dougherty's late arrival to this issue has consequences: "Courts may disregard or deem waived any arguments made in a reply brief which was not raised in the opening brief."[35] Courts have the discretion to deem new arguments in a reply brief waived because the "'purpose of the reply brief is to respond to matters raised in the answering brief.'"[36] This waiver rule is designed to prevent defendants from

---

[34] Reply Br. at 7.

[35] *Ethica Corp. Fin. S.r.L v. Dana Inc.*, 2018 WL 3954205, at *3 (Del. Super. Aug. 16, 2018) (citing *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993)); *see also Lewis v. Delaware Dep't of Transportation, Div. of Motor Vehicles*, 2022 WL 3025665, at *3 (Del. Super. Aug. 1, 2022) (citing *Ethica Corp., Finance S.R.L.*, 2018 WL 3954205 at * 3-4) ("Failure to provide any factual and legal support an argument in an opening brief is grounds for treating it as waived, or for disregarding it or deeming it waived if only made in a reply brief."); *Parkell v. Frederick*, 2019 WL 1435884, at *1 (D. Del. Mar. 31, 2019) (quoting *Perrigo Co. v. Intl. Vitamin Co.*, 2019 WL 359991, at *2 n.1 (D. Del. Jan. 29, 2019)) ("Because this argument was raised for the first time in a reply brief, this Court may consider it waived."); *Houser v. Feldman*, 569 F. Supp. 3d 216, 223 n.2 (E.D. Pa. 2021) (citing *Filer v. Foster Wheeler LLC*, 994 F. Supp. 2d 679, 692 (E.D. Pa. 2014)) ("If a party chooses to wait until reply briefing to raise its arguments, then the 'Court need not address them.'").

[36] *Camtech Sch. of Nursing & Tech. Scis. v. Delaware Bd. of Nursing*, 2014 WL 604980, at *6 n.78 (Del. Super. Jan. 31, 2014), *aff'd*, 100 A.3d 1020 (Del. 2014) (quoting *Chase Bank USA, N.A. v. Hess*, 2012 WL 5463127, at * 1 (D. Del. Nov. 8, 2012)).

sandbagging[37] plaintiffs and forcing the Court and plaintiff "to wait for the reply brief to understand the alleged bases for dispositive relief."[38]

To be sure, the Superior Court's subject matter jurisdiction is always a matter of concern to the Court.[39] And the Court is quite aware that there are differing views on jurisdiction over claims of negligent misrepresentation.[40] Resolution of these differing points of view is not well served by considering an argument raised for the first time in a reply brief.

It is clear enough from the pleadings that Wallworks' dispute with Dougherty stems from Dougherty's alleged failure to put in place the insurance necessary to satisfy the contract requirements of the subcontract. That Dougherty also misrepresented that it was in place seems almost beside the point, except to the extent the representation kept Wallworks and Deshong from knowing that the wrong

---

[37] "Delaware Courts do not favor 'sandbagging' in reply briefs." *Ethica Corp. Fin. S.r.*, 2018 WL 3954205 at *3 (citing *In re Asbestos Litig.*, 2014 WL 7150472, at *1 n.5 (Del. Super. Dec. 4, 2014)).

[38] *In re Asbestos Litig.*, 2007 WL 2410879, at *4 (Del. Super. Aug. 27, 2007).

[39] *Otto Candies, LLC v. KPMG LLP*, 2018 WL 1960344, at *3, *5 (Del. Super. Apr. 25, 2018) (finding the Superior Court lacked subject matter jurisdiction over a negligent misrepresentation claim but denying the motion to dismiss, and ordered the case to Court of Chancery).

[40] *Compare Van Lake v. Sorin CRM USA, Inc.*, 2013 WL 1087583, at *12 (Del. Super. Feb. 15, 2013) (interpreting a negligent misrepresentation as a claim for simple negligence, keeping jurisdiction in Superior Court) *with WyPie Invs., LLC v. Homschek*, 2018 WL 1581981, at *16-17 (Del. Super. Mar. 28, 2018) (opining that the Court of Chancery should have exclusive jurisdiction over all claims for the negligent provision of false information).

insurance had been procured. Perhaps this figures into the statute of limitations question discussed previously, but it is not going to suddenly make insurance appear where it does not exist.

The Court is well aware that the question of Dougherty's duties – to both Wallworks and Deshong – is of significance to this dispute.  But the parties have not sharpened their arguments on whether these duties lie in tort, in contract, or whether they exist at all. The lack of a record through discovery only complicates what the parties seem to agree is a matter undecided under Delaware law.

For these reasons, the Court declines to dismiss the complaint at this bare pleading stage and will revisit the negligent misrepresentation issue once it has been fleshed out through discovery and appropriately briefed by the parties.

## CONCLUSION

For the reasons stated above, Dougherty's motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

/s/ Charles E. Butler
Charles E. Butler, Resident Judge